## EDWARD W. GREEN *vs.* THE COMMONWEALTH.

If the record in a capital case recites that the prisoner was sentenced to death, this suffi-
ciently shows an adjudication by the court that he was convicted of a capital crime.

Under Gen. Sts. *c.* 112, §§ 5, 8, and *c.* 160, §§ 1–3, it is competent for this court, when held
by a single justice, to arraign a person indicted for a capital crime, and, if he pleads
guilty, to proceed and award sentence against him, according to law.

Under the statutes of this commonwealth, an indictment for murder, in the usual form, is
sufficient to charge the crime of murder in the first degree; and under such an indict-
° ment, a plea of guilty of murder in the first degree will authorize a sentence of death,
although the plea does not set out the particular facts which show that the crime was
murder in the first degree.

PETITION for a writ of error, filed March 21st 1866, praying
for the reversal of the judgment rendered against the petitioner
on an indictment for murder.

The first count of the indictment charged that Edward W.
Green, " on the fifteenth day of December, in the year of our
Lord one thousand eight hundred and sixty-three, with force
and arms, at Malden, in the county aforesaid, in and upon one
Frank E. Converse, feloniously, wilfully and of his malice afore-
thought did make an assault; and that the said Edward W.
Green a certain pistol, then and there charged with gunpowder
and one leaden bullet, then and there feloniously, wilfully and
of his malice aforethought did discharge and shoot off, to,
against and upon the said Frank E. Converse ; and that the
said Edward W. Green, with the leaden bullet aforesaid, out of
the pistol aforesaid, then and there by the force of the gunpow-
der aforesaid, by the said Edward W. Green discharged and
shot off as aforesaid, then and there feloniously, wilfully and of
his malice aforethought did strike, penetrate and wound the said
Frank E. Converse, in and upon the right side of the head of
the said Frank E. Converse, near the right ear of the said Frank
E. Converse, giving to the said Frank E. Converse then and
there with the leaden bullet aforesaid, so as aforesaid discharged
and shot out oᶠ the pistol aforesaid by the said Edward W.
Green in and upon the right side of the head of the said Frank
E. Converse, near the right ear of the said Frank E. Converse,
ᴉne mortal wound, of the depth of six inches and of the breadth

of one quarter of an inch, of which said mortal wound the said Frank E. Converse then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say that the said Edward W. Green, the said Frank E. Converse, in the manner and by the means aforesaid, feloniously, wilfully and of his malice aforethought did kill and murder, against the peace," &c.

The second count was similar to the first, except that the wound was charged to have been upon the right side of the head.

The third count was similar in form, but charged that there were two wounds, one upon the right and the other upon the left side of the head, from bullets discharged out of a revolving pistol.

The record in the case was as follows: " This indictment was found at the superior court begun and holden at Cambridge, within and for said county, on the second Monday of February last, and returned into that court by the grand jury. And it appearing to that court that the said indictment charged the said Edward W. Green with a crime punishable with death, it was ordered by that court that the said indictment, together with the orders of that court therein, be transmitted into the supreme judicial court, to be holden at Lowell aforesaid on the third Tuesday of April then next ensuing, then and there to be entered and proceeded upon according to law. And that court further ordered that the said Edward W. Green be held in the custody of the sheriff of said county of Middlesex, to answer to said indictment at the said term of the supreme judicial court, and that the said Edward W. Green be notified that he will be tried on said indictment, at the said April term of said supreme judicial court, by causing him to be served with an attested copy of said indictment and of the orders of that court therein, as soon as conveniently might be ; and in obedience to the orders of that court the said Edward W. Green was notified as thereby required, and the said indictment and orders of that court were transmitted into this court at the said April term thereof. And in this term, before the court here comes the said Edward W. Green under the custody of the sheriff of said

county, and John Q. A. Griffin and Theodore H. Sweetser, Esquires, are appointed as his counsel by the court; and thereafterwards the said Edward W. Green, being arraigned at the bar in his own proper person, and the said indictment being read to him, and he forthwith being demanded concerning the premises in the said indictment above specified and charged upon him, he saith thereof that he is guilty of murder in the first degree. And thereupon the attorney general for the Commonwealth moves that the sentence provided by law be passed against the said Edward W. Green ; upon which it is demanded of the said Edward W. Green if he have or know aught to say wherefore the justice here present ought not, upon the premises and the plea and confession of the said Edward W. Green, to proceed to pass sentence against him, who nothing further has to say, except as before he has said. Whereupon, all and singular the premises being seen and fully understood by the justice here, it is considered by the court that the said Edward W. Green be removed to the common jail, there to be confined until such day as the executive government of said commonwealth shall by their warrant appoint, and that then the said Edward W. Green be thence removed to the place of execution, and there be hanged by the neck until he be dead."

The following errors were assigned :

" 1. That this court had no power to enter judgment and award sentence of death against the defendant upon his plea, without the intervention of a jury.

" 2. That the plea of the defendant, in legal effect, is not such an admission of guilt as will support the sentence passed by the court.

" 3. It nowhere appears in the record that the crime for which the defendant has been sentenced was murder in the first degree."

This petition was presented to the chief justice, who ordered the questions arising thereon to be adjourned into and entered in the supreme judicial court for the Commonwealth.

*N. St. J. Green,* for the defendant. In addition to the matters of error heretofore assigned, the record in this case does

not show the entry of any judgment that the prisoner was guilty.

The Gen. Sts. *c.* 160, §§ 1, 2, divide murder into two degrees, the one capital, the other not. Murder committed under certain specified circumstances is capital; other murder is not capital. The present indictment is in the old form; none of the circumstances required to constitute murder in the first degree are set forth in it. The indictment, therefore, only charges murder in the second degree. If, however, under the authority of *Commonwealth* v. *Gardner*, 11 Gray, 438, and *Commonwealth* v. *Desmarteau*, 16 Gray,    , this point is held otherwise, still the sentence of death was unauthorized. The Gen. Sts. *c.* 160, § 3, require the verdict of a jury, before such sentence can be passed. Murder is no longer a capital crime unless certain aggravating circumstances are made to appear. In this case, those circumstances never have been made to appear. They are not alleged in the indictment. There has been no issue to the jury. They are not set forth in the plea. The intention of the legislature was that no one should be executed till a jury had passed upon his crime. And a man has no more right to waive his legal privileges in a capital case than he has to commit suicide; for a plea of guilty is suicide, committed under the color of law. The decision in *Gardner's* case can only be supported upon this view of the law. It is because the matters of aggravation are matters of evidence, that they need not be alleged. Mere matters of evidence need not be pleaded, and if not pleaded cannot be admitted by confession, demurrer or plea, for these admit only such facts as are necessary to be alleged and are well alleged. There being no averment in the indictment of the essential facts necessary to constitute murder in the first degree, the crime cannot by plea be made to appear murder in the first degree. *Hagan* v. *State*, 10 Ohio State R. 459. *Fouts* v. *State*, 8 Ohio State R. 120. The defendant has endeavored to state a conclusion of law, and he has drawn a conclusion not warranted by law. *Johnson* v. *Commonwealth*, 24 Penn. State R. 386.

*Reed*, A. G., for the Commonwealth. In reference to the pre-

..iminary question, now first raised, it is the universal practice in Massachusetts to consider that the sentence and conviction in a criminal case are the same. For instance, a former conviction cannot be set up in bar of an indictment, unless there has been a sentence.

The court had power to enter judgment and award sentence without the intervention of a jury, the prisoner having in open court confessed his guilt of the crime of murder in the first degree. This question must be determined upon a construction of our own statutes, and by a reference to our own decisions. And the various statutes which relate to this subject must be construed together. These statutes are Gen. Sts. *c.* 112, §§ 5, 8, 9; *c.* 158, § 5; *c.* 160, §§ 1–5; *c.* 171, § 29; *c.* 172, § 1. Taking these statutes together, the question is, whether a person who comes into court charged with the offence of murder in the first degree and also in the second degree — the indictment including both — may upon his arraignment plead a plea the substance of which shall be that he is guilty of the larger offence charged against him; or whether in such a case the court must say to him that he cannot confess his guilt, but the degree of his guilt must be tried by a jury. Taking the provision relied upon by the prisoner, that the degree of murder shall be found by the jury, in connection with the other statutes, which provide that no person indicted for an offence shall be convicted thereof unless by confession of his guilt in open court, or by admitting the truth of the charge against him by his plea or demurrer, or by the verdict of a jury; that a person indicted for a capital crime may be arraigned before the court held by one justice, and if he pleads guilty such court may award sentence against him according to law; that if on arraignment a person refuses to plead or answer, or does not confess the indictment to be true, the court shall order a plea of not guilty to be entered; and that issues of fact joined upon indictments shall be tried by a jury; it is apparent that the legislature must have intended that it was only in cases where a trial by jury was to be had that the degree of guilt was to be found by the jury. There is no other construction that will give any significance to the

·provision that one justice may award sentence for a capita: crime. It can never happen that a court for a trial by jury of a capital case will be held by one justice. And any other construction expressly contradicts the provision that no person shall be convicted unless he confesses his guilt in open court.

It is only where an issue of fact is joined upon an indictment that a jury may be empanelled. The court have no authority to empanel a jury in any other case. There is no issue of fact for the jury to pass upon. The Commonwealth says to the prisoner, " You are guilty of murder in the first degree." The prisoner says, " I am guilty of murder in the first degree." What issue is there to try ? See *Opinion of Justices*, 9 Allen, 585. *Commonwealth* v. *Gardner*, 11 Gray, 446.

The next question is, whether the plea of the prisoner was in legal effect an admission of being guilty of murder in the first degree. The plea is sufficient if it is such that, if a jury had returned a verdict in the same words, the court would thereupon have been authorized to pass sentence of death. And yet there is hardly room for question that a verdict in the precise form of the plea in this case would have authorized a sentence of death. At all events no verdict has been returned in any form substantially different, since the enactment of the General Statutes ; and there could not be a verdict in any other form, unless the jury should find a special verdict, leaving it for the court to determine the degree of murder on the facts found.

In reference to the sufficiency of the indictment, it has been held both here and elsewhere, in states having statutes like ours, in defining the degrees of murder, that an indictment in the ordinary form does well charge murder in the first degree. *Commonwealth* v. *Gardner*, 11 Gray, 444. *Commonwealth* v. *Desmarteau*, 16 Gray, . Wharton Amer. Crim. L. § 1075.

*H. W. Paine*, in reply. It has been twice adjudged by this court that under our statutes murder, though of two degrees remains one kind or species of offence ; and that the facts and circumstances which raise an offence from the second to the first degree, though not set out in the indictment, may be proved on the trial to the jury. Nevertheless the statutes give to these

facts and circumstances a new significance. It is immaterial whether the indictment includes both degrees; before the life of the defendant can be touched, his offence must appear to be murder in the first degree. How appear? Certainly in the legal way, with legal certainty, upon the record. The question therefore is, does it appear anywhere on this record that this defendant did anything which raises his crime from murder in the second to murder in the first degree?

The indictment charges murder simply in the usual mode and form, and contains no allegation that it was committed with extreme atrocity and cruelty, or with deliberately premeditated malice aforethought, or in the commission of or attempt to commit a crime punishable by death or imprisonment for life. It contains nothing more by way of charge than is indispensably necessary to sustain an indictment for murder in the second degree; and to this indictment, the defendant has pleaded that he is guilty of murder in the first degree. It is said that the indictment also contains a charge of murder in the first degree. Be it so. Nobody pretends that a simple plea of guilty would authorize the court, knowing nothing more and seeing nothing more, to impose the penalty of death; because it would not then appear that the crime was of the higher rather than of the lower grade.

What is the province, and what the effect, of a plea? A plea of not guilty is a denial of those averments of facts which are well and sufficiently laid in the indictment; and a finding of a jury is but a verification of those averments; and a plea of guilty is simply an admission of just what a plea of not guilty denies and puts in issue. It is a fundamental principle of pleading, that a plea puts in issue only the facts averred, and not legal conclusions from those facts. Suppose, for example, this indictment had omitted to state that Green gave the fatal blow, or that death ensued, and had concluded as it does conclude; and there had been a plea of not guilty, and an affirmative finding by the jury; would that plea have put in issue the legal conclusion of the pleader, or the finding of the jury be conclusive upon that conclusion? Clearly not. The court would look into

the indictment. And so if this indictment, framed as it now is in all other respects, had concluded that the defendant " did commit the crime of murder in the first degree ; " and he had pleaded guilty ; would not this court have arrested the judgment?

As a general rule, undoubtedly, whatever a jury may find against an accused party that party may admit. But the question here is, has this defendant admitted the crime of murder in the first degree? Has he so admitted it that this court can say that it legally appears? It is competent for jurors in this commonwealth to render a general or a special verdict. And it is by no means clear that this defendant might not, while pleading guilty to the specific facts set out in the indictment, have also pleaded the facts and circumstances which, if true, would raise this crime from murder in the second to murder in the first degree. But this plea which he did plead admits the facts which are set out in the indictment, and he adds that he has been guilty of something else which in his opinion makes murder in the first degree of what otherwise would have been murder in the second degree. He undertakes by his plea to give the legal conclusion, as it rests in his mind, upon facts of which the court are uninformed. If he is mistaken in his conclusion, and pleads guilty of murder in the first degree, when the facts would only show him to be guilty of murder in the second degree, and he is hung, is he hung for his crime, or hung for his mistake of law?

Now if this plea is to stand, and sentence of death passed because this plea makes it appear that the crime was murder in the first degree, then is the defendant deprived of the protection which the common law throws around him, by seeing to it that the court is possessed of facts upon which his criminality is made to depend, and his punishment meted out to him. Is it to be believed that the legislature, professing to mitigate the severity of the existing law, and to throw additional security about the life of the accused, intended to deprive him of one of his birthrights — the aid and assistance of the court?

BIGELOW, C. J. The petitioner in this case stands convicted

. upon his own confession in open court of the crime of murder in the first degree, and is now awaiting the execution of sentence of death awarded against him on such conviction at a term of this court for the county of Middlesex, held at the city of Lowell on the third Monday of April 1864. Under the provisions of Gen. St. *c.* 146, § 13, he made application by petition to a "justice of this court on the 21st day of March last, for a writ of error on said judgment." His petition is accompanied by an assignment of certain errors, which he alleges to exist in the record. With the assent of counsel, who appear in his behalf, and in conformity to the precedent established in *Webster* v. *The Commonwealth*, 5 Cush. 386, the hearing of this petition was adjourned into the full court. The grounds upon which the alleged errors are supposed to rest have been presented to our consideration with great fulness and ability by learned counsel, and the case now stands for our final adjudication on the causes of error assigned in support of the petition. It is hardly necessary for us to say that we have considered the questions thus brought before us with the most anxious solicitude, and that we have examined and deliberated upon them under a deep sense of the responsibility which rests upon us, in view of the solemn and momentous consequences to the petitioner involved in our decision.

But it is not for this reason only that we have been earnest in our desire to weigh with the utmost candor and impartiality the causes of error assigned by him. Some of the points now relied on as affording sufficient ground for a reversal of the judgment against him have been heretofore called to our attention. By an order of the governor and council passed on the 31st day of October 1864, in pursuance of the provision of the constitution *c.* 3, § 2, the inquiry was propounded to us " whether it was competent for this court, especially when held by a single justice, to enter up a final judgment against a prisoner, and award the sentence of death, upon his own plea of guilty of murder in the first degree ; or whether, on the contrary, it is not necessary to record the plea as a general plea of guilty, and either enter judgment as of murder in the second

degree, or else submit the question of the degree of murder to be found by a jury." To this inquiry, in compliance with the duty imposed by the constitution, an answer, signed by all the justices of this court, covering, as we then supposed, the entire subject matter concerning which information was sought, was returned to the governor and council, which stated in substance that the conviction was not irregular or informal on the grounds which were understood to be suggested by the inquiry; and that the judgment and sentence were duly entered up and recorded. 9 Allen, 585. The opinion thus given, like all others of a similar character, was formed without the aid of counsel learned in the law, or any statement of the reasons on which the regularity or validity of the proceedings had been called in question. Although it is well understood and has often been declared by this court that an opinion formed and expressed under such circumstances cannot be considered in any sense as conclusive or binding on the rights of parties; but is regarded as being open to reconsideration and revision, yet it necessarily presupposes that the subject to which it relates has been judicially examined and considered, and an opinion formed thereon. We have therefore felt it to be our duty most sedulously to guard against any influence which might flow from our previous consideration of some of the causes of error now assigned as the ground for a reversal of the judgment. Strongly impressed with the conviction that, in a matter of such importance and solemnity, errors either in substance or of form ought not to be overlooked or disregarded, and that the petitioner, however great his offence and manifest his guilt may be, is entitled to avail himself of any illegality or irregularity in the proceedings which have led to the judgment and sentence pronounced upon him, we have given to this case the most careful, thorough and impartial consideration that a sense of judicial duty can impose.

1. The first objection to the judgment is not included in the assignment of errors annexed to the petition, but has been stated by the counsel *ore tenus* at bar. As we understand it, it is this: The record does not set out in distinct terms that the defendant in the indictment is considered by this court to be

convict of the crime of which he has pleaded guilty ; or, in other words, it is not adjudged in distinct terms that he is guilty of the crime of murder in the first degree.   On turning to the record the judgment is found to be in this form : " Whereupon (after reciting all the proceedings in the case), all and singular the premises being seen and fully understood by the justice here, it is considered by the court that the said Edward W Green be removed to the common jail, there to be confined until such day as the executive government of said common-wealth shall by their warrant appoint, and then that the said Edward W. Green be thence removed to the place of execution, and there be hanged by the neck until he be dead."   This is in effect a judgment that the party is guilty of the crime to which he has pleaded guilty.   The judgment of conviction is included in the sentence.   That, being the final act in a criminal pro-ceeding, which can follow only on a due conviction, constitutes the judgment that the party is guilty of the crime charged. *Commonwealth* v. *Horton*, 9 Pick. 208.   *Commonwealth* v. *Rich-ards*, 17 Pick. 296.   In England the form of making up the record includes a formal adjudication of guilt.   But this form has never, so far as we know, been adopted in this common-wealth.   In *Webster* v. *The Commonwealth*, 5 Cush. 386, the record is in the exact form in which that now before us is made up, and it is there stated by the late chief justice that, upon in-quiry, it was ascertained that it was in conformity to a uniform series of precedents extending back to the time immediately succeeding the adoption of the constitution.   This ground of error, therefore, which was not strenuously insisted on by the counsel of the petitioner, cannot be supported.

2. The second error alleged to exist in the record is assigned in writing, and is stated in these words : " That this court had no power to enter judgment and award sentence of death against the defendant upon his plea, without the intervention of a jury."   The validity of this objection depends on the construc-tion of those provisions of the General Statutes which relate to the arraignment, trial, conviction and sentence of persons in-dicted for crime.   The argument in support of the objection

rests on the enactment contained in Gen. Sts. *c.* 160, § 3, which follows the two sections by which the degrees of murder are defined, and is in these words: " The degree of murder shall be found by the jury." If this provision was the only one in the statutes relating to the subject matter, there would be more force in the objection, although even then it might be open to the answer that the phraseology seems rather to be adapted to cases where a jury has been empannelled to try the main issue of the guilt of the accused than to declare a general rule that in all cases a jury is to determine the degree of murder. But passing by this and other minor considerations, the complete and decisive answer to the argument is, that the interpretation contended for is utterly irreconcilable with other parts of the statutes relating to the same subject matter. The intention of the legislature cannot be fairly and properly ascertained by seizing on a particular clause or enactment, disconnected from all other provisions bearing on the same subject, and giving to the portion thus isolated a literal interpretation. The well settled rule of judicial exposition is the only safe and just mode of arriving at the true meaning and purpose of legislative acts. It is, that all statutes *in pari materia* are to be construed together, and full effect given, if possible, to every provision. Repugnancy and inconsistency are to be avoided, if possible, for the obvious reason that it would be unjust and unreasonable to impute to the legislature inconsistent intents on the same subject. If one construction will produce contradiction and conflict between different portions of a statute, while another will cause all parts to harmonize in their practical operation, the latter is to be adopted and the former rejected. The duty of a court is to look at the whole context, and endeavor to give full effect to all provisions, enlarging or restraining, if needful for the purpose, the literal interpretation of any particular part. The application of these well settled principles of interpretation, which are too familiar to require a citation of authorities in their support, leads irresistibly to the conclusion that the legisla ture did not intend by the provision above cited to require that the degree of murder should be found by the jury when the prisoner stood convict on his own plea and confession.

It is to be borne in mind that the General Statutes of this commonwealth, in which all the provisions on the subject of the arraignment, trial and sentence of persons indicted for murder are embodied, were enacted in 1860, after the statutes previously existing had been carefully revised by commissioners, for the purpose of rendering all parts of the statute law consistent and harmonious. All provisions in them on the same subject matter are therefore to be regarded as one statute, taking effect at one and the same time, and intended to have a practical operation in connection with each other. The provision already cited, that the degree of murder is to be found by the jury, is contained in that chapter of the General Statutes which defines offences against the person, and declares and affirms the punishments to be inflicted therefor, but which does not purport to prescribe the method to be pursued in the trial of accused parties, or the mode in which they are to plead or be sentenced. These are to be looked for in other chapters relating to such subjects. On turning to chapter 158, which is intended to declare and secure the rights of accused parties, we find in § 5 the explicit provision that " no person indicted for an offence shall be convicted thereof unless by confession of his guilt in open court, or by admitting the truth of the charge against him by his plea or demurrer, or by the verdict of a jury accepted and recorded by the court." This explicit and unqualified enactment, which includes in its general language the crime of murder as well as all other offences, recognizes the rule which has always been the rule of the common law, that a party may be convicted on his own plea and confession in court, and that in such cases the intervention of a jury to determine his guilt is not necessary. So in chapter 171, which prescribes the mode of proceeding in criminal cases before trial, it is enacted in § 29 that " if on arraignment a person refuses to plead or answer, or does not confess the indictment to be true, the court shall order a plea of not guilty to be entered, and thereupon the proceedings shall be the same as if he had pleaded not guilty," clearly implying that a plea of guilty or confession in all cases supersedes the necessity of a trial, and renders the intervention

of a jury unnecessary. And in chapter 172, § 1, it is provided " that issues of fact, joined upon indictments, shall be tried by a jury drawn and returned in the manner prescribed by law for the trial of issues of fact in civil cases," making no provision for trials by jury where there is no issue of fact joined. All these provisions clearly recognize and adopt the ancient rule of the common law, that a party charged with any crime, whatsoever may be its degree or nature, may be convicted on his own plea and confession in court, and that in such cases no trial by jury is to be had. Indeed they are inconsistent with the idea that the intervention of a jury can take place where a party has confessed the fact which the verdict of a jury could only affirm. It certainly would be an anomaly in a court where the rules of the common law are administered to empanel a jury for the purpose of trying a fact which is not only not denied, but is expressly admitted. The essential idea involved in a trial by jury is that there is an issue between the parties to the record. But there can be no such issue where one party affirms a fact and the other party admits it to be true. In such a case there is nothing on which a jury is to pass.

But the intent of the legislature is made still more clear, if possible, by the provisions in Gen. St. *c.* 112, which are designed to regulate the course of proceeding where a party is brought before this court charged with a capital crime. In considering the proper effect to be given to these provisions, it is to be remembered that at the time of the enactment of the General Statutes, with the single exception of the penalty prescribed by Gen. Sts., *c.* 163, § 13, in case a jailer or other officer voluntarily suffers a prisoner in his custody on conviction for or on a charge of a capital crime to escape — an offence which we believe has never been committed in this state — murder in the first degree was the only crime punishable with death. In making provision, therefore, concerning the arraignment, pleading and trial of persons charged with a capital crime, the legislature must have had in view indictments for murder, because there was no other offence, with the rare exception above stated, to which the clauses of the statute could be

applicable. By § 8 it is expressly provided that a " person in-
dicted for a capital crime may be arraigned before the court
held by one justice, and if he pleads guilty such court may
award sentence against him according to law ; " and it is only
when the prisoner pleads not guilty that the court is empowered
by § 9 to assign him counsel and take all other measures pre-
paratory to a trial, which by § 5 is required to be had before the
full court. Inasmuch as murder in the first degree is the only
crime likely to be committed, which under the General Statutes
is capital, these enactments are practically equivalent to a direct
provision that where a person indicted for murder pleads guilty
to the charge, no trial by jury is to be had, but the sentence is
to be pronounced upon him by the court held by a single judge,
who is authorized to receive the plea. The plain and explicit
provisions of this chapter are susceptible of no other reasonable
or even plausible interpretation. But if the position taken by
the counsel for the petitioner in support of his second assign-
ment of error is correct, these clauses of the statute would be
practically inoperative. It would be necessary that every indict-
ment for murder should be tried by the full court, because the
confession of the accused, however clearly, fully and intelli-
gently made, would be without effect, and would not warrant
the imposition of the sentence authorized by law. But there is
no such inconsistency or repugnancy between the different parts
of the statute. Both can have full operation and effect. By
construing the provision of the statute, which requires that the
degree of murder shall be found by the jury, as applicable only
to cases where an issue is joined on a plea of not guilty, which
fully satisfies the language of the statute, the other provisions
are left to apply to the class of cases for which they are clearly
intended, in which a party by his plea and confession admits
the crime, and nothing more remains to be done except to pro-
nounce judgment. This interpretation harmonizes all the
provisions of the statutes relating to the subject matter, and
is the only one which can be given consistently with the well
settled rule of exposition already stated, by which courts of law
are bound in the construction of legislative enactments For

these reasons we are of opinion that the second cause of error assigned in the petition cannot be supported.

3. But it is contended in behalf of the petitioner that, although the intervention of a jury may not be necessary, and that sentence of death may be awarded by a single judge on a plea so framed as to set out the facts necessary to constitute the crime of murder in the first degree, yet that the plea of the defendant in the present case is not in legal effect such an admission of guilt as will support the sentence passed by the court, and that it does not appear in the record that the crime for which the defendant has been sentenced was murder in the first degree. These constitute the third and fourth assignments of error relied on by the petitioner. We have stated them together, because in the view which we take of the case it is not necessary to consider them separately. The counsel for the petitioner in their arguments on these points do not seek to question the correctness or impugn the authority of the cases already determined by this court. *Commonwealth* v. *Gardner*, 11 Gray, 438, and *Commonwealth* v. *Desmarteau*, 16 Gray,    . Nor do we deem those cases to be now open to doubt or discussion, on the precise points which were there determined by the court. In the last named case, it was distinctly declared that the settled law of this commonwealth must be taken to be that the provision of the statute, which enacts that the division of the crime of murder into two degrees should not be construed to require any modification of the existing forms of indictments, was not inconsistent with the Declaration of Rights, article 12th, which declares that " no subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally described to him." The reason on which these decisions were founded was this : that the statute establishing degrees of murder did not create any new offence or change the definition of murder as it was understood at common law; that the forms of indictment previously in use descriptive of murder embodied every shade or degree of the crime, from that which was most aggravated, malicious and premeditated down to that which had only the element of implied malice in its most

mitigated form; and that, as the offence was not changed but only its punishment mitigated in certain cases, the indictment was sufficient to embrace every species of murder, whether it fell within one or the other of the degrees of homicide as defined by the statute. The logical and necessary conclusion from these decisions is, that an indictment for murder in the common form does charge murder in the first degree. Indeed they can be maintained on no other ground. If that crime is not charged in an indictment so framed, then it must follow that the offence is not described to the accused in a full, plain, substantial and formal manner, as required by the constitution, unless it can be said that an indictment which does not include a description of an offence is a compliance with the constitution — a proposition which is manifestly absurd. And so it was understood and declared by the late chief justice of this court in *Commonwealth* v. *Gardner*, when he used the significant words, " the question is, whether this is an indictment charging a crime punishable with death. It clearly is."

Nor are we able to see how the provisions of the statute can be practically carried out upon any other construction. If the indictment in the old common law form does not charge murder in the first degree, then it would follow not only that the statute contravenes the Declaration of Rights, but it would be impossible for a jury to find a party charged on such an indictment guilty of the crime. It is an elementary principle of the criminal law, that a want of averment cannot be helped by evidence, and that a jury cannot convict a person of any crime however clearly it may be proved, unless it is duly and technically set forth in the indictment. A verdict of guilty of murder in the first degree on an indictment drawn in the form contemplated by the statute would therefore be invalid and inoperative, unless it be held that the indictment in the common form does duly charge in apt and proper words this grade of the offence. And it has been held that it does so charge it in every case in which a party has been convicted of the crime of murder in the first degree since the enactment of the statute in question.

It seems to us ' that important conclusions, having a direct bearing on the points now raised by the petitioner, necessarily flow from the recognition and establishment of the rule that an indictment for murder in the common law form, without any allegation of the facts and circumstances which aggravate the offence and bring it within the higher grade, does duly charge the crime of murder in the first degree.   There is no principle of the common law better settled or more familiar than that which declares that whatever crime is duly set forth in an indictment, of that a party may be convicted.   If a jury would be warranted in finding a person guilty of a particular offence charged in an indictment, the party accused may confess such offence by a plea of guilty; in other words, a plea of guilty may be supported whenever a verdict of a jury finding a party guilty' of a crime would be held valid.   A conviction of crime may be had in two ways; either by the verdict of a jury, or by the con- fession of the offence by the party charged by a plea of guilty, "which is the highest conviction."   2 Hawk. *c.* 31, § 1; *c.* 433, § 120.   4 Bl. Com. 362.   And the effect of a confession is to supply the want of evidence. *Rex* v. *Hall,* 1 T. R. 320.   When therefore a party pleads guilty to an indictment, he confesses and convicts himself of all that is duly charged against him in that indictment.

The conclusion is unavoidable, that inasmuch as an indict- ment of murder in the common form does include and duly charge the commission of the crime in the first degree, the ac- cused, by entering a plea and confession distinctly admitting the commission of that grade of the offence as set forth in the indictment, does acknowledge and confess in the most solemn and authentic manner that he has committed that degree of the crime.   The fallacy of the argument urged in behalf of the petitioner seems to us to consist in the assumption that the in- dictment charges only murder in the second degree.   But this is not so.   It sets forth, as has been already said, the highest grade of homicide — murder in the first degree — and thereby includes the inferior grade of murder in the second degree in like manner as an indictment for murder at common law embraces a charge

of manslaughter, which is comprehended in the allegations necessary to charge the higher offence. The only difference in the two cases is that in the latter the indictment includes two . distinct offences, but in the former, as applied to degrees of murder, only one offence is charged, but in such form that it includes the higher as well as the lower grade to which different punishments are attached. To these considerations may be added the further suggestion that if the indictment in the form authorized by statute sets out only murder in the second degree, it would contain no charge of a capital crime, and so would not come within the jurisdiction of this court; a result which is directly contrary to the decisions in *Commonwealth* v. *Gardner, ubi supra.*

But it is urged in support of the last assignment of error that, although it may be that the indictment is so framed that it charges murder in the first degree, and although that offence as charged might be confessed by a party accused, by a plea which should set forth facts and circumstances sufficient to show that the higher grade of the crime had been committed; still in the present case the plea is in such form that it is not and cannot be treated as a confession of that crime. But we think this position is wholly untenable. A plea of guilty confesses everything that is duly set forth, as a plea of not guilty puts in issue every fact which is comprehended within the averments of the indictment. It is never necessary to set forth the facts by which a crime is to be proved. All that is required by the rule of crimi nal pleading is that the offence should be technically described and charged, and, if it is so set forth, then a plea of guilty is fully responsive to the charge and admits the existence of facts which, if proved on an issue of not guilty, would warrant a jury in finding the party guilty of the crime comprehended within the averments in the indictment.

But it is said that the facts which constitute murder in the first degree not only do not appear on the record, but it is not shown by the record that they were made to appear to the court The obvious answer to this suggestion is, that they do appear legally and judicially by the distinct confession of the prisoner that he was guilty of murder in the first degree. We have

no occasion now to determine the effect of a general plea of guilty to an indictment for murder, without other or further statements by the prisoner indicating the specific grade or degree of the crime which he intended to confess. It is sufficient for the purposes of this case that it does appear that the prisoner has pleaded guilty to the highest degree of the offence which the indictment charges and of which he can be convicted under its averments.

It is urged that the accused by his plea has admitted only a conclusion of law resulting from facts that do not appear on the record — a conclusion of his own mind, which may or may not be correct according to the legal effect of the facts known to the accused on which he based his plea; and as the court cannot know whether the conclusion drawn by the prisoner from facts which are not before the court is correct, it does not appear that he has committed the crime which he has admitted by his plea. But in this respect the plea entered by the petitioner to the indictment is not peculiar. The technical form of charging most offences is but a legal statement of a conclusion which the law draws from certain facts, which are not spread out in the record. But if a party accused pleads guilty to such a charge he thereby confesses the existence of such facts outside the record as will support the averments and conclusions of law which the indictment sets forth as deduced from those facts. An indictment for murder at common law will illustrate this. It sets forth in substance that the accused party on a certain day and at a certain place committed an assault on a person, and wilfully, feloniously and of his malice aforethought with a deadly weapon inflicted on him divers mortal blows of which he died, whereby the prisoner committed the crime of murder. No one can doubt that, to a crime so charged, a plea of guilty may be entered, and judgment and sentence for murder follow thereon; and yet the indictment sets out only a conclusion of law drawn from facts which nowhere appear on the record. Whether such facts do show the crime of murder may be a very difficult question, depending on nice shades of distinction as proving the existence or absence of malice, which is the essential ingredien

of murder. But if the party accused admits the charge of mur-
der by the plea of guilty, he necessarily determines that question
for himself, and draws the legal conclusion from facts which do
not appear on the record and which are not shown to the court.
We cannot distinguish such a case from that now before us. It
seems to us, therefore, that the plea entered by the petitioner was
responsive to the indictment, because the crime of murder in the
first degree is duly charged therein, and that the confession of
that specific degree of the offence by his plea does show on the
record that it was made to appear to the court in due and legal
form that the degree of murder thereby confessed had been com-
mitted by the accused.

The learned counsel for the petitioner pressed on our attention
the consideration that there would be great danger of fatal errors
and mistakes if on a plea of guilty of murder in the first degree,
which involves a conclusion of law, judgment and sentence are
to follow, because the party accused might err in supposing that
the facts on which he grounded his plea of guilty did constitute
that crime. We confess that we do not see that such an argu-
ment has any great bearing on the technical question whether
the plea is responsive to the indictment, and so confesses the
crime charged as to warrant legal judgment and sentence there-
on. Our duty is only to declare the rules of law and apply
them to the present case. If by them the crime is legally charged
and the plea and confession are adequate to support the con-
viction, we must so decide, notwithstanding dangerous conse-
quences may follow. Our province is to ascertain the law ; not
to make it.

But practically there is no such danger as is indicated by
the counsel. It is to be remembered that we are dealing with
proceedings which are cognizable only by the highest judicial
tribunal of the state, and that considerations which might
be entitled to great weight if applied to matters in the coun-
try, or even to the proceedings of inferior courts and magis-
trates, can have but little force when we are considering pro-
ceedings of the gravest and most solemn nature which can take
place before this court. It is the well settled practice in all

courts where the common law is administered to receive and record with great reluctance and caution a confession of guilt in a capital cause. But a court has no power absolutely to refuse such plea. It will, however, always take care to see that it is made by a person of competent intelligence, freely and voluntarily and with a full understanding of the nature and effect of the plea and of the facts on which it is founded, before proceeding to make it the foundation of a judgment. Such was the course, as we are informed by our associate, Mr. Justice Hoar, before whom these proceedings were had, which was adopted in this case. The prisoner was attended by learned, experienced and able counsel, with whom he had advised before he was set to the bar. Before his arraignment and before his plea and confession were finally received and entered, the nature of murder in the first degree and the facts necessary to sustain the charge were fully explained to him by the court, and he was advised before making his plea to consult with his counsel. After such explanation and advice he was allowed to retire from the court room with his counsel for the purpose of consultation, and, after an absence and conference with them for a considerable period of time, he returned and entered the plea which the record shows was received and recorded. These statements do not serve to show that the record is rightly made up or that the plea is valid, but they do answer any implication arising from the suggestions of the counsel for the petitioner that the plea in the present case was founded on mistake or misapprehension of the facts or of the nature of the crime of murder in the first degree, or the punishment affixed to it, on the part of the petitioner, or that the plea was entered by him unadvisedly or received by the court without due precautions to guard against error.

We have now gone over all the causes of error assigned in support of the petition, and fully considered the arguments urged in their support. For the reasons already stated we are of opinion that the record discloses no error, and that the judgment and sentence were in due form and in all respects legal and valid.

It would certainly be a matter of great regret, if in a case of this nature it should be supposed that there was any doubt or

difference of opinion among the members of the court on the questions upon which we have been called to pass.  I therefore deem it proper to add that in our deliberations upon them we have been aided by our junior associate, Mr. Justice Colt, who was present at the argument, but who did not join in the opinion given to the governor and council in October 1864, he not hav-ing been then one of the justices of this court; and that in the conclusions which I have stated the court unanimously concur.

The result is, that the prayer of the petitioner is denied.

The prisoner was accordingly hung.