## IN THE MATTER OF J. B. BROWN.

COMMITMENT TO PRISON.—No other authority or warrant for the detention of a prisoner is required than a certified copy of the judgment rendered against him.

SENTENCE ON PLEA OF GUILTY OF MURDER.—If a defendant pleads guilty to an indictment for murder which does not specify the degree, and the Court imposes a sentence of confinement in the State Prison, the judgment is not a nullity, for the presumption is that the Court by testimony ascertained the degree of the crime.

APPLICATION to the Supreme Court for discharge on habeas corpus.

*I. S. Brown*, for Petitioner.

*J. G. McCullough, Attorney-General*, against the discharge.

By the Court, SHAFTER, J.:

It appears by the return that the confinement of the petitioner in the State Prison is by virtue of a certified copy of a judgment rendered against him on a plea of "guilty" to an indictment for murder, by which judgment the petitioner was sentenced for said offense to twenty years imprisonment. No other authority or warrant for the detention of the prisoner is required by law than such certified copy. We held *In the Matter of Edward Ring*, 28 Cal. 247, that the offense of which a person accused of crime had been convicted, should be stated in the entry of the judgment, but the counsel is mistaken in supposing that the judgment against the petitioner does not conform to this requirement.

It is urged that as the indictment was for murder without any specification of degree, that the plea of guilty was of murder in the first degree—a capital offense—and that the sentence, therefore, is a nullity upon its face. But under the twenty-first section of the Act relating to crimes and punishments, "if a person indicted for murder shall be convicted on confession in open Court, the Court shall proceed by examination of witnesses to determine the degree of the crime, and give sentence accordingly." We must intend that this rule was observed by the Court on the conviction of the petitioner upon confession, and that the Court, on the testimony submitted, determined the offense to be murder of the second degree, and sentenced accordingly.

The prayer of the petitioner must be denied, and it is so ordered.