## Ex Parte WOODS.

### Crim. No. 62; September 19, 1895.

#### 41 Pac. 796.

**Burglary—Sufficiency of Judgment.—Defendant Pleaded Guilty** to a charge of burglary in the first degree, and the judgment recited that, "whereas defendant has been convicted of the crime of burglary in the first degree, . . . . it is ordered," etc. Held, that the judgment was valid, though the minutes of the court did not show that any evidence was heard to prove the degree of the crime of which defendant was found guilty, there being nothing in the minutes to contradict the recitals of the judgment.[1]

John Woods, convicted of burglary in the first degree, petitioned for a writ of habeas corpus. Petition dismissed.

C. T. Jones for petitioner; H. F. Carter, third deputy, for respondent.

---

[1] Cited and followed in Marx v. People, 204 Ill. 252, 253, 68 N. E. 437. There the record showed that after a plea of guilty the court heard evidence on two separate days and then gave sentence to the reformatory; since, under the statute, the court had no discretion to fix a term of imprisonment, it was presumed to have done its duty and that the evidence taken was as to the age of the defendant.

GAROUTTE, J.—Petitioner was charged by information with the crime of burglary. A prior conviction for a like offense was also alleged against him. He pleaded guilty, and the judgment under which he is held recites that ''whereas the defendant, John Woods, has been convicted of the crime of burglary in the first degree and a prior conviction of felony, it is ordered that he be imprisoned in the state prison for the term of twenty years.'' The judgment, upon its face, is a valid and legal judgment, and one which the court clearly had power to make; but petitioner insists that the minutes of the court taken at the time defendant pleaded, and also when judgment was pronounced, fail to indicate that any evidence was heard tending to show the degree of the crime of which defendant was found guilty. There is nothing in the point. The judgment itself recites that the defendant was convicted of burglary of the first degree; and, conceding that the minutes of the court could be introduced upon this hearing for the purpose of contradicting recitals found in the judgment, still we find nothing in those minutes of a contradictory character. They are silent upon the question, and under such circumstances recitals in the judgment that the petitioner was convicted of the crime of burglary in the first degree must control. We see no ground entitling the prisoner to his discharge. The petition is dismissed, and petitioner remanded.