*Reversed and remanded.*

---

ED MARX

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 26, 1903.*

1. CRIMINAL LAW—*plea of guilty admits all facts alleged and obviates proof.* A plea of guilty admits every material fact alleged in the indictment, and it is not necessary that such facts be proved.

2. SAME—*it is presumed the court heard evidence as to the age of party sentenced to reformatory.* Where a party is sentenced to the reformatory on a plea of guilty, it will be presumed, if the record is silent upon the subject, that the court heard evidence as to the age of the offender, there being no statutory requirement that the finding of the court on that point shall be preserved.

3. SAME—*what question does not properly arise upon writ of error.* Whether the plaintiff in error is held in the place of his confinement without a warrant of commitment is a question which is not proper upon writ of error but which may be raised by *habeas corpus.*

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

M. D. BROWN, for plaintiff in error.

H. J. HAMLIN, Attorney General, and CHARLES S. DE-
NEEN, State's Attorney, (F. L. BARNETT, of counsel,) for
the People.

Mr. JUSTICE RICKS delivered the opinion of the court:

Plaintiff in error, at the February term, 1900, of the
criminal court of Cook county, upon his pleading guilty
to the crime of receiving stolen property knowing the
same to have been stolen, was sentenced for an indeter-
minate period in the Illinois State Reformatory.   The
indictment sets out specifically the articles stolen and
so received, and the value of each article, all aggregat-
ing the value of $57.50.   At the April term, 1903, of this
court this writ of error was sued out.

The errors assigned are:   (1) There is no evidence in
the record to support the conviction and sentence; (2)
there is no evidence in the record to show any crime was
committed or that any property was ever stolen or re-
ceived by plaintiff in error; (3) there is no evidence in
the record to show or prove the age of plaintiff in error
at the time of conviction and sentence; (4) there is no
evidence showing the value of the property received;
(5) no warrant of commitment to the State reformatory
was ever issued upon the sentence and judgment of the
court upon which plaintiff in error was committed to or
is held in said reformatory.   No complaint is made of
the indictment, and an inspection of it shows that it is
sufficient in all respects.

Under the plea of guilty it was not necessary for the
court to hear evidence to determine any matter fully set
out in the indictment, as the plea, as shown by the rec-
ord, is, that the plaintiff in error is "guilty of receiving
stolen property knowing the same to have been stolen,
in manner and form as charged therein."   Nor do we
think it necessary that the court shall hear evidence as

to the value of the property where the indictment charges and specifies the value thereof, and the value is alleged as above $15, and is sufficient that the larceny charged, by which the goods were obtained, is grand larceny and the crime a felony.

When the plea is "not guilty" and the cause is heard by a jury the defendant admits nothing, or if upon the trial he admits the larceny,—that is, the taking of the goods,—he does not admit thereby that they were taken feloniously or that they had any value; nor does he admit any other matter material to his conviction as charged in the indictment, but all matters not expressly admitted must be proved, and in such case the value of the property, being a material part of the case as fixing the grade of the offense, must, under our statute, be proved and found by the jury, that the court may know that he is justified in imposing the penalty recommended by the jury, as was the practice in this class of cases prior to the enactment of the Parole law, or to enable the court to determine what penalty to impose where the same is not fixed by the jury. But where the defendant pleads guilty he pleads to every fact averred in the indictment, and there is neither law, reason nor necessity requiring proof of the things admitted by the plea. 4 Am. & Eng. Ency. of Law, (1st ed.) 773; Bassett on Crim. Pl. chap. 214, sec. 188; 1 Bishop on Crim. Proc. sec. 795; *People* v. *Goldstein,* 32 Cal. 432; *State* v. *Walker,* 22 La. 425; *Green* v. *Commonwealth,* 94 Mass. (12 Allen,) 155.

In Bassett on Criminal Pleading, *supra,* it is said: "The plea may be received originally or upon the general issue withdrawn, and it is considered the highest character of conviction admissible in any case, for, while it is but presumptive evidence, the law considers it to rest upon the strong presumption that no innocent person would sacrifice life, liberty, or even reputation, by a declaration untrue and adverse to his personal interest and comfort. *Confessio facta in judicio omni probatione ma-*

*jor est.* This plea proceeds to the full extent the charges are good, and leaves to the court the simple duty of assessing the penalty and pronouncing judgment, even to the extent of death." In support of this declaration, *People* v. *Noll*, 20 Cal. 164, is cited, wherein practically the same language is used,—and this pronouncement of the law is in harmony with and practically in the language of all the authorities above cited.

In *State* v. *Walker, supra,* the Supreme Court of Louisiana said: "It is an error on the part of the appellant to say that no value of the articles stolen is alleged or shown. If such allegation and proof be necessary where no distinction is made between grand and petit larceny, (and as to this it is unnecessary to express an opinion,) the requirements of the law are fully met in this case. The defendant was fully placed on his guard, for the indictment declares that he took money and that its aggregate value was $150, and his plea of guilty admits the truth of these averments."

The statute requires that before such plea shall be allowed to be entered the court shall fully explain to the accused the consequences of entering it, (Hurd's Stat. 1901, sec. 424, p. 658,) and the record in this case shows that duty was performed by the court. Under the indictment in question the court must have told the plaintiff in error that if he persisted in his plea it would be the duty of the court to sentence him to the State reformatory or to the penitentiary, according to his age. With these facts before him the plaintiff in error entered his plea, and to require testimony to establish that which the plaintiff in error by his plea admitted, would be to require a useless thing, which the law does not indulge.

When the reformatory was established, crimes received a new classification, not based upon their enormity but upon the age of the offender, and those offenders, with some exceptions not necessary here to advert to, who are between the ages of sixteen and twenty-one years

are sentenced and committed to the reformatory. It is true that section 10 of chapter 118 of our statutes (Hurd's Stat. 1899, p. 1379,) requires that "in all criminal cases tried by jury, in which the jury shall find the defendant guilty, they shall also find by their verdict whether or not the defendant is between the ages of ten and twenty-one years." There is no statutory requirement that when a plea of guilty is entered the court shall render any verdict, or shall in any manner, other than by his sentence, preserve his finding as to the age of the offender. The duty of the court, in this class of cases, to ascertain the age of an offender who pleads guilty arises by construction and from the necessity of the situation, to enable him to know in which of the institutions, penal or reformatory, the offender shall be ordered to be confined. The only express provision in the statute requiring the court to hear evidence upon a plea of guilty is found in section 4 of division 13 of the Criminal Code, (Hurd's Stat. 1899, p. 634,) which is: "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." The record here discloses that in the presence of plaintiff in error the court did hear evidence on two separate days. Under the indictment, and the plea thereto, the court had no discretion to exercise, as he formerly had in such pleas, as he could not fix any term of imprisonment or impose any fine. Such being the case, the presumption will be indulged that the court did his duty, and that the evidence that was heard was as to the age of plaintiff in error, and that the sentence to the reformatory was in conformity thereto. (*Brown* v. *State*, 13 Ark. 96; *In re Brown*, 32 Cal. 48; *People* v. *Noll*, 20 id. 164; *Barton* v. *People*, 88 id. 176; *Ex parte Wood*, 41 Pac. Rep. 796.) In *Brown* v. *State, supra*, it is said: "Where the record is silent upon the subject, this court will presume that the court below, in passing sentence upon a person convicted

of crime, complied with the provisions of the statute; but if the court in fact omitted to do so, such omission would be no cause for reversal of the judgment, but a compliance with the statute might be directed." In *In re Brown, supra*, it is said: "If a defendant pleads guilty to an indictment for murder which does not specify the degree, and the court imposes a sentence of confinement in the State prison, the judgment is not a nullity, for the presumption is that the court, by the testimony, ascertained the degree of the crime."

Under the statute cited, requiring the court, where discretion was given as to the extent of punishment, to examine witnesses as to the aggravation or mitigation of the offense, it has not, to our knowledge, been insisted or held that the court should preserve the evidence of that examination or make any special finding concerning the same.

In *Ex parte Wood, supra*, the defendant pleaded guilty to a charge of burglary in the first degree, and the judgment recited, that "whereas defendant has been convicted of the crime of burglary in the first degree, it is ordered," etc. It was there held that the judgment was valid though the minutes of the court did not show that any evidence was heard as to the degree, and we are not prepared to say, in the case at bar, that it was error for the court below to have ascertained the age of the plaintiff in error and fixed the place of his confinement according to his age, without having preserved the evidence in the record or making a special finding based upon the same.

The remaining objection, that the plaintiff in error is not held in his present place of confinement by any writ or process running in "the name of the People of the State of Illinois," and concluding "against the peace and dignity of the same," as it is insisted the constitution requires, does not properly arise upon writ of error. The question as to whether the plaintiff in error is confined now by any writ, or of a writ in such form as is required

by law, is one that will properly arise when it is sought by habeas corpus to relieve him from illegal restraint. The issuing of the writ is no part of the judgment complained of and need not here be considered.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*