(No. 21002

The People of the State of Illinois, Defendant in Error, *vs.* Willard Decker, Plaintiff in Error.

*Opinion filed February 19, 1932.*

PATRICK T. HARRINGTON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT M. NIVEN, State's Attorney, and J. J. NEIGER, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the circuit court of Livingston county for robbery of one R. M. Turner by taking from his person $41 in money. He, with Edward Ksiaziak, James Manning and Daniel Moylan, who were indicted with him, entered a plea of guilty to the first count of the indictment. The second and third counts were *nolle prossed.* He was sentenced to imprisonment in the penitentiary for an indeterminate term under the statute, the sentence to begin to run on the expiration of the term of confinement of plaintiff in error in the Illinois State reformatory. He was committed at once to the State penitentiary and has since remained there. It appears that plaintiff in error and those indicted with him were at the time of the commission of the robbery here charged escaped inmates of the Illinois State reformatory at Pontiac. They were soon after apprehended, and the indictment in this case followed.

The record shows that the court fully explained to plaintiff in error his constitutional rights and the consequences of his plea of guilty.

Numerous objections are raised on the record, some of which do not merit consideration.

Counsel for plaintiff in error argues that as the record shows no testimony of witnesses sworn, the plea of guilty is not alone sufficient to establish the guilt of plaintiff in error or his age. A plea of guilty is an admission of every fact averred in the indictment, and neither law, reason nor necessity requires proof thereof. *People* v. *O'Brien,* 306 Ill. 340; *Marx* v. *People,* 204 id. 248; Bassett on Crim. Pleading, chap. 124, sec. 188; 1 Bishop on Crim. Proc. sec. 795; *People* v. *Goldstein,* 32 Cal. 432; *State* v. *Walker,* 22 La. 425; *Green* v. *Commonwealth,* 94 Mass. 155.

The record shows that the court found the age of plaintiff in error to be twenty-one years. Section 4 of division 13 of the Criminal Code (Smith's Stat. 1931, p. 1092,) requires the court to examine witnesses as to the aggravation or mitigation of offenses where there is a plea of guilty and the court possesses discretion as to the extent of the punishment. It is not necessary that evidence so heard be preserved or that the court make any special finding concerning the same. (*Marx* v. *People, supra.*) Where the record shows that the statutory requirements have been met on the plea of guilty, the presumption is that the finding as to the age of plaintiff in error was based on competent evidence. *Marx* v. *People, supra; Brown* v. *State,* 13 Ark. 96; *In re Brown,* 32 Cal. 48; *People* v. *Noll,* 20 id. 164.

Plaintiff in error also contends that the commitment is void. The record shows that the judgment entered against plaintiff in error was that he be committed, under the ordinary form of order, to the State penitentiary at Joliet for a term not to exceed the maximum term of twenty years, the sentence to begin to run upon the expiration of his present term of confinement in the Illinois State reformatory. He argues that because he was taken to the penitentiary and not re-committed to the Illinois State reformatory to serve out his term of conviction there, the order was void. It has been the rule in this State since *Johnson* v.

*People,* 83 Ill. 431, that a sentence for one offense may be made to commence at the expiration of a sentence for another offense when the offenses are of such nature as to permit joinder thereof in the same indictment. Such is the only practical way of meting out punishment to the same defendant for two separate offenses. To withhold sentence until the expiration of the former sentence would not only prove an inconvenience and cause of confusion but would be of no advantage to the accused. (*Fitzpatrick* v. *People,* 98 Ill. 269; *Williams* v. *State,* 18 Ohio St. 46.) Jurisdiction to inflict cumulative punishment does not depend on whether both convictions shall be before the same tribunal, but whether the accused has, in fact, committed distinct violations of the law which merit separate, and therefore cumulative, penalties. The judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and termination of the first sentence may be seen from the record. It is not necessary that the judgment fix the day on which each successive term of imprisonment commences but it is sufficient that each successive term begins at the expiration of the next previous one. It is obvious that the time for the commencement of the succeeding punishment could not be more definitely determined, since the prior term of imprisonment might be shortened by good behavior or by other agencies bringing about such a result. The order of commitment was within the jurisdiction of the court and was not void.

It is argued that plaintiff in error, instead of being taken to the penitentiary, should have been re-committed to the reformatory, since his previous sentence has not expired. This objection is sound but does not require a reversal of the judgment but a return of the cause to the trial court for re-commitment. Plaintiff in error, since his sentence to the State reformatory had not expired, should have been re-committed to that institution, and his sen-

tence to the penitentiary should not have begun until the expiration of his punishment in the State reformatory. The judgment of conviction was correct but the commitment was not correct.

Counsel for the People cite clause 2 of paragraph 797 of the Criminal Code, (Cahill's Stat. 1931,) that "every male person between the ages of twenty-one and twenty-six years who has previously been sentenced to a penitentiary or reformatory in this or any other State, district or county, may, in the discretion of the court, be sentenced to the penitentiary instead of the reformatory," and argue that it was within the discretion of the court to commit plaintiff in error to the penitentiary. This is true, but the court in its judgment order prescribed that his sentence to the penitentiary was not to become effective until plaintiff in error's punishment in the reformatory expired. He should have been committed to the reformatory until his punishment there had expired or until he was transferred according to law. Plaintiff in error had escaped from the reformatory and thereafter committed the crime charged in this case. It is evident that his term of imprisonment in the Illinois State reformatory had not ended. The judgment of the trial court is correct. The court should have directed his return to the Illinois State reformatory at Pontiac until the expiration of his punishment there, and thereupon to be transferred to the State penitentiary at Joliet under the judgment of conviction in the present case.

The judgment of conviction is affirmed, and the cause is remanded to the circuit court of Livingston county for an order surrendering the plaintiff in error to the authorities of the Illinois State reformatory.

*Judgment of conviction affirmed.*
*Cause remanded, with directions.*