(Nos. 23548, 23663 to 23670, incl.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER F. WOLF, Plaintiff in Error.

*Opinion filed October 14, 1936—Rehearing denied Feb. 3, 1937.*

Ross LEE LAIRD, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, RICHARD H. DEVINE, MELVIN S. REMBE, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Walter F. Wolf has sued out separate writs of error in nine cases to review judgments of conviction and sentence against him on pleas of guilty to larceny by embezzlement. Ten such indictments were returned in the criminal court of Cook county against him. He pleaded guilty to all. In each judgment rendered, subsequent to the first, the court, after sentencing him to the penitentiary for a term not to exceed the maximum fixed by the statute for the crime whereof he stood convicted, ordered that the term

of imprisonment under that indictment should begin at the end of Wolf's sentence on the next preceding indictment. His pleas of guilty were entered on September 30, 1931, and the judgments of conviction were rendered on October 8, 1931. The ten amounts found to have been embezzled ranged from $42,000 to $200,000.

Plaintiff in error contends that the sentences in question are not the general sentences demanded by the statute, and that the criminal court of Cook county was without power or jurisdiction to order these sentences to run consecutively. He insists that, at common law, courts had no power to order sentences to run consecutively in felony cases. He also says that our legislature, by section 2 of the Parole act, (38 S. H. A. 802; State Bar Stat. 1935, chap. 38, par. 796;) has expressly provided how felons shall be sentenced, and has directed that, except for those crimes enumerated in the first section, every sentence to the penitentiary shall be a general sentence of imprisonment, and that the sentences against him were not general. By section 20 of division 2 of the Criminal Code (38 S. H. A. 600; State Bar Stat. 1935, chap. 38, par. 629;) it is provided: "All offenses herein defined shall be prosecuted and on conviction punished as by this act is prescribed, and not otherwise." Wolf argues that even if courts might otherwise have power to order sentences for felonies to run consecutively, these provisions of the statute prevent the exercise of that power.

Contrary to Wolf's contention, courts generally have exercised the power to order that sentences in felony cases should run consecutively. (8 R. C. L. p. 240; *Howard* v. *United States*, 75 Fed. 986; 34 L. R. A. 509; *State* v. *Smith*, 5 Day, (Conn.) 175; *Morgan* v. *Devine*, 237 U. S. 632; *State* v. *Mahoney*, 73 N. J. L. 53.) We have approved the exercise of such power. (*People* v. *Decker*, 347 Ill. 258.) In the last cited case we held, in substance, that jurisdiction to inflict cumulative punishments does not de-

pend on whether the separate convictions were had before the same court, but upon whether the convicted felon had, in fact, committed separate and distinct violations of law which merited separate, and therefore cumulative, punishments. The General Assembly did not intend by the Parole act to prevent the trial court from meting out cumulative penalties for separate and distinct offenses. The nine separate judgments of the criminal court of Cook county were general in character, as required by our statute. They accord with the law of this State and are right. They are affirmed.

*Judgments affirmed.*