Freeland v. The People.

---

---

JOHN FREELAND, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO KENDALL.

It is no bar to a prosecution for riot, that one of the accused has been tried, convicted and fined for an assault and battery, arising out of the same transaction or offense.

If a party already accused and indicted, could not be convicted of an offense described in a second indictment, then an acquittal or conviction upon the first indictment, is no bar to a trial on the second.

To be a bar, the offense charged in one indictment must agree in law and in fact with some offense of which the accused might have been convicted upon a prosecution upon another indictment, and in such prosecution there must have been an acquittal or conviction.

THIS cause was heard before LELAND, Judge, at March term, 1855, of the Kendall Circuit Court. The statement of the case will be found in the opinion of the court.

B. C. COOK, for Plaintiff in Error.

W. H. L. WALLACE, for the People.

Skinner, J.   Freeland, with others, was indicted for riot in the Kendall circuit court.

The indictment charges that Freeland, with other persons named, on the 9th day of September, 1854, at the county of Kendall, upon the person of one Mann, with force and arms made an assault, and said Mann then and there beat and wounded.

To this indictment Freeland plead in bar, that Mann, on the 9th day of September, 1854, on oath made complaint before a justice of the peace of Kendall county, charging Freeland with an unlawful assault and battery upon his person; that said justice thereupon issued his warrant for the arrest of Freeland; that the same was duly executed; that a jury was empanneled and sworn to try the charge before the justice; that the jury found Freeland guilty of the charge, and assessed a fine against him of $25; that the justice rendered judgment upon the same; that the judgment remained unreversed and in full force, and that Freeland had paid the same, as by docket of said justice would fully appear.

The plea avers that the act and offense for which he was so convicted, and the act and offense charged in the indictment are the same identical act and offense, and not other or different.

A demurrer was interposed to this plea; the court overruled the plea, and sentenced Freeland.   The question presented by this record is, whether the plea was a bar to the prosecution for riot.   An assault and battery is, "the unlawful beating of another."   A riot, under our law, may consist in two or more persons, with force and violence, doing an unlawful act against the person of another.

It is evident, then, that a riot may embrace an assault and battery, and that the necessary difference between them consists in this:  that two or more persons must be engaged in the unlawful act to constitute riot, while but one need be to constitute assault and battery.

The facts, therefore, in each are not necessarily the same, nor are the two offenses the same in law.   One is punished, on prosecution before a justice of the peace, by fine only; the other on indictment in the circuit courts, by fine or imprisonment; and on trial of such indictment, under our system, no conviction can be had of assault and battery; nor on trial of such prosecution for assault and battery, can there be a conviction of riot.

Our Constitution provides that "no person shall for the same offense be twice put in jeopardy of his life or limb."   This provision is but a reäffirmance of the common law, and adopts the language of that law.

It should, therefore, be construed in the sense of the common law as far as applicable to our system of criminal law and modes

of punishment. In England, formerly, some crimes were punished by dismemberment of limbs. With us no such punishment exists; but the language of the English law is adopted as having a known and fixed signification. The provision means, simply that no person shall twice be put in peril of conviction for the same *act* and *offense.*

Blackstone lays down the rule in pleas of former acquittal and of former conviction, and which depend upon the same principles, to be, that the former acquittal or conviction "must be upon a prosecution for the same identical *act* and *crime,*" though the offenses may differ in coloring and degree. 4 Blackstone's Com. 336.

Chitty lays down these rules: that to entitle a defendant to this plea, it is necessary that the crimes charged in the first and second indictments should be the same; and that if the crimes charged in the first and second indictments are so distinct, that evidence of the one will not support the other, a conviction or acquittal of one will not bar a prosecution of the other. 1 Chitty's Crim. Law, 452. That if the former charge was such an one that the defendant could not have been convicted of the latter charge upon it, the former acquittal or conviction cannot be plead in bar of the latter. 1 Chitty's Crim. Law, 456.

Another rule is stated to be: that unless the first indictment is such that the defendent might have been convicted upon proof of the facts alleged in the first indictment, an acquittal or conviction on the first can be no bar to the second. 2 Russ. on Crimes, 41.

Archbold states this rule as follows: " The true test, by which the question, whether the plea is a bar in any particular case, may be tried, is, whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first."

But the authorities cited, and the illustrations given in support of the rule as stated, all show, that to make the plea a bar, proof of the facts alleged in the second indictment must be sufficient *in law*, to have warranted a conviction upon the first indictment of the same *offense* charged in the second, and not of a different *offense.* Archbold's Crim. Pl. 82, and cases there cited. Or, in other words, the party must have been in peril of being convicted upon the first prosecution of the same *offense* described in the last.

Greenleaf states the rule to be, that if the defendant upon the first indictment could not have been convicted of the *offense* described in the second, then an acquittal or conviction upon the former is no bar to the latter. 3 Greenleaf Ev., Sec. 36. And this we hold to be the true rule. If the defendant could not, by

any legal possibility, have been convicted upon the former prosecution of the *offense* charged in the second, he can in no just sense be said to be in peril of a second conviction on the *same offense*.

To be a bar, the offense charged in the present prosecution must agree *in law* and *in fact* with *some* offense of which the defendant might have been convicted upon the former prosecution, and in such former prosecution, there must have been an acquittal or conviction. *Commonwealth* v. *Robb,* 12 Pick. 496.

It is not enough that the *act* is the same, for by the same act the party may commit several offenses, *in law.* The crime of murder may embrace an assault with intent to commit rape, or other felony; an assault with a deadly weapon with intent to inflict a bodily injury ; an assault and battery; and if two or more persons are present and engaged in the wrongful act, may embrace riot.

In the same act of feloniously taking a quantity of goods, the party may, in law, be guilty of as many crimes as there are separate owners of the goods stolen, and may be punished as for so many distinct larcenies. If a person steals a horse, saddle and bridle, at the same time, by the same act, he may commit, in law, three several larcenies.

In all such cases, the attorney for the people may and should refuse to prosecute beyond the exigencies of public policy ; the objects of punishment being example and reformation. But, if a former conviction or acquittal upon a prosecution for the same *act* is always a bar to a subsequent prosecution for any crime, consisting in the same *act*, it would follow, that a conviction or acquittal upon a prosecution for assault and battery might bar a prosecution for an assault with intent to commit murder, or even for murder.

With such a rule, high crimes would often be inadequately punished, or not punished at all.

In this case, neither the *act* nor the *offense* charged in the indictment is the same as described in the plea ; nor by any legal possibility could Freeland have been convicted, upon the prosecution in the plea alleged, of the offense charged in the indictment.

Therefore, the plea is no bar to the indictment. It is admitted that exceptions exist to the rule here recognized, and that there are American cases wholly irreconcilable in principle with the view here taken ; but the exceptions do not affect the rule, and the cases alluded to we regard as departures from the common law, and inconsistent with sound public policy.

*Judgment affirmed.*