# JOHN GUEDEL

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*for murder—charging the offense—and of variance.* When an indictment for murder charged the offense as having been committed by shooting from a gun by means of powder and shot, proof, that the murder was committed by striking the deceased with a gun upon the head, is inadmissible.

2. SAME—*the precise nature of the charge must be stated.* The law requires, that a prisoner on trial for murder, shall be fully informed by the indictment, ·of the precise nature of the charge against him.

3. SAME—*mode in which offense was committed—essential part of.* The :mode in which the offense was committed, is an essential part of the indictment; and killing by shooting, and killing by beating upon the head with a .gun, are modes of causing death so essentially unlike, that proof of the one .mode would be inadmissible under an indictment charging the other.

4. SAME—*when no legal jeopardy.* Where a person was indicted for a murder, committed by shooting with powder and shot from a gun, and was acquitted, and was afterward indicted for the same murder, and convicted, and in such second indictment the offense was alleged to have been done by beating upon the head with a gun,—*Held,* that the two indictments stated different offenses, and that the acquittal on the first one, was no bar to the second, the prisoner never having been in legal jeopardy.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Mr. G. B. BURNETT, for the plaintiff in error.

Mr. J. B. HAY, for the people.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the May Term, 1866, of the Madison County Circuit Court, John Guedel, the plaintiff in error, was indicted for the murder of Adam Zimmerman. The indictment charged the killing to have been done by striking the deceased upon the

head with a gun. The defendant pleaded *autre fois acquit.* The plea set forth that at the October Term, 1864, of the same court, the defendant was indicted for the murder of said Zimmerman, duly tried by a jury and acquitted. The plea gives the former indictment, which avers the killing to have been done by shooting with a gun, charged with gunpowder and leaden shot. To this plea there was a replication, admitting the acquittal upon the former indictment, and that the said Adam Zimmerman in the present indictment mentioned, is the same Adam Zimmerman mentioned in the former, but averring that "the said felony and murder mentioned in the former indictment are not the same felony and murder mentioned in the present indictment, and that the said Adam Zimmerman was killed and murdered by the said John Guedel in the manner and by the means set forth in the present indictment, and not in the manner and by the means alleged in the said former indictment."

To this replication the plaintiff in error demurred. The demurrer was overruled, and on the trial which followed, the jury found the defendant guilty. No bill of exceptions was taken, and the only question made in this court is, as to the correctness of the decision in overruling the demurrer.

The first question to be determined is, whether the evidence upon which the verdict must have been found under the present indictment, would have been admissible under the former; that is to say, whether, under an indictment for murder committed by shooting from a gun by means of powder and shot, the people could be permitted to prove a murder committed by striking the deceased with a gun upon the head.

The rule in regard to questions of this character is briefly stated by Greenleaf, with his customary precision, as follows: "An indictment describing a thing by its generic term is supported by proof of a species which is clearly comprehended within such description. 1 Greenl. § 65. In his third volume, section 140, he again says: "It is sufficient if the proof agree with the allegation in its substance and generic character, without precise conformity in every particular.

Thus, if the allegation be, that the death was caused by stabbing with a dagger, and the proof, etc., of killing by any other sharp instrument; or if it be alleged, that the death was caused by a blow with a club, or by a particular kind of poison, or by a particular manner of suffocation, and the proof be of killing by a blow given with a stone or any other substance, or by a different kind of poison, or another manner of suffocation, it is sufficient; for, as Lord COKE observes, the evidence agrees with the effect of the indictment, and so the variance from the circumstance is not material. But if the evidence be of death in a manner essentially different from that which is alleged, as if the allegation be of stabbing or shooting, and the evidence be of death by poisoning, or the allegation be of death by blows inflicted by the prisoner, and the proof be, that the deceased was knocked down by him and killed by falling on a stone, the indictment is not supported." We have consulted many of the text writers upon this subject, and the same rule, in substance, with similar illustrations, is laid down by them all. The rule rests upon various adjudged cases. Thus, where the indictment alleged, that the prisoner struck the deceased with a piece of brick, and thereby gave him a mortal wound, and it appeared, that the blow was given, not with a piece of brick, but with the fist, and that the deceased fell from the blow upon a piece of brick, and that the fall caused his death, the judges, on a case reserved, were unanimously of opinion, that the means of death were not truly stated. *Rex* v. *Kelly,* 1 Moody C. C. 113. The authority of this decision was afterward recognized in *Rex* v. *Thompson,* id. 139. So where an indictment charged a shooting with a pistol loaded with gunpowder and a leaden bullet, and it appeared, that there was no bullet in the room where the act was done, and no bullet in the wound, and it was proved, that the wound might have been caused by the wadding, it was held, that the indictment was not proved. *Rex* v. *Hughes,* 5 C. & P. 126. This case appears to us to push the doctrine of variance to its extreme verge, and probably we might not be disposed to follow it to its full extent, but we cite it as illustrating the principle which we feel obliged to apply to the case

before us. See also Martin's case, 5 C. & P. 128. In *The People* v. *Colt,* 3 Hill, N. Y., a more liberal rule was applied, and it was held, that under an indictment for murder by cutting with a hatchet, or by striking and cutting with an instrument unknown, evidence might be given of shooting with a pistol. This decision, however, is a departure from the current of authorities. So far as our researches extend, it stands alone.

In the peculiar position of the present case this doctrine of variance bears unfavorably upon the prisoner; but it has its origin in that tenderness of the law for human life which requires, that a prisoner on trial for murder shall be fully informed by the indictment of the precise nature of the charge he is called to meet, and we do not deem ourselves at liberty to depart from the established precedents. We must hold, that homicide by shooting and homicide by beating upon the head with a gun held in the hands, are modes of causing death so essentially unlike, that proof of one mode would be inadmissible under an indictment charging the other.

But, it is urged by the counsel for the plaintiff in error, that admitting this, nevertheless the plaintiff in error has been once indicted for the murder of Adam Zimmerman and acquitted, and that he cannot be placed in jeopardy a second time for the same offense. The answer to this is, that, technically, and in the eye of the law, the offenses described in the two indictments are not the same. The mode in which the killing was accomplished is an essential part of the indictment, and if two indictments allege modes of killing so substantially unlike that the evidence necessary to sustain the one would not be admissible under the other, then they are not indictments for the same offense, in a legal sense, although they may relate to the homicide of the same person. The rule is laid down by Bishop in the first volume of his Criminal Law, section 885, third edition, as follows: "The jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both;" and, in the next section, he says: "The test is, whether, if what is set out in the second indictment had been proved at the trial under the first, there could have

legally been a conviction; when there could have been, the second cannot be maintained; when there could not, it can be." In support of this position, the author cites, *Hite* v. *The State*, 9 Yerg. 357; *People* v. *Warren*, 1 Park. 338; *People* v. *Allen*, id. 445; *Durham* v. *The People*, 4 Scam. 172; *Commonwealth* v. *Curtis*, Thatcher's Crim. Cas. 202. Greenleaf, in his third volume, section 36, says: "The former judgment, in these cases, is pleaded, with an averment that the offense charged in both indictments is the same; and the identity of the offense, which may be shown by parol evidence, is to be proved by the prisoner. This may be generally done by producing the record, and showing, that the same evidence which is necessary to support the second indictment would have been admissible, and sufficient to procure a legal conviction upon the first." He cites Arch. Cr. Pl. 87; *Rex* v. *Emden*, 9 East, 437; *Rex* v. *Clark*, 1 B. and Bing. 473; *Rex* v. *Taylor*, 3 B. & C. 502; 1 Ross on Crimes, 832; *Commonwealth* v. *Roby*, 12 Pick. 496; *Rex* v. *Vandercomb*, 2 Leach C. C. 768.

The last cited case is a leading one upon this subject. Mr. Justice BULLER delivered the resolution of the judges, and after referring to 2 Hawk. P. C., ch. 35, § 3; Foster, 361; *Rex* v. *Pedley*, 1 Leach, 242, stated their opinion as follows: "These cases establish the principle, that unless the first indictment were such as the prisoner might have been convicted upon, by proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second."

In *Durham* v. *The People*, 4 Scam. 173, this court said: "One general rule on this subject we apprehend to be, that where the facts charged in the second indictment would, if true, have procured a conviction on the first, then the plea of *autrefois acquit* is well pleaded."

In the case at bar, the facts charged in the second indictment were not admissible in evidence under the first, and could not legally have produced a conviction on that indictment. The plaintiff in error has made the record of the proceedings under the first indictment a part of his plea, and it appears therefrom, that no evidence was in fact offered to the jury under that

indictment. The people's attorney doubtless ascertained, that his evidence would be legally inadmissible, and declined to offer it. Had he offered to prove the charge contained in the present indictment, to wit, that John Guedel killed Adam Zimmerman by beating him upon the head with a gun, the evidence as to the mode of perpetrating the homicide would have been inadmissible. The first indictment was not sustainable by proof of the facts alleged in the second, and it necessarily follows, that in regard to the offense, that is, the facts charged in the second indictment, the plaintiff in error has never been in legal jeopardy. To persons not accustomed to legal distinctions, it may seem a solecism to speak of two indictments as charging different offenses when they relate to the murder of the same person, but it is nevertheless undoubtedly true, that, for the purpose of judicial proceedings, an indictment charging a murder to have been done by shooting with powder and shot from a gun, does describe a murder legally different from that described in an indictment charging the same defendant with a murder of the same person, by beating him upon the head; and this for the reason, that if all the facts charged in the second indictment were proved or admitted, the murder described in the first indictment would not be legally established so as to authorize a conviction. One of the material ingredients necessary to a legal description of the offense would be wanting. The proof might show a murder, but it would not be legally, and for the purposes of trial and punishment, the same murder described in the indictment. We must affirm this judgment.

*Judgment affirmed.*