WARREN FERGUSON *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. ASSAULT AND BATTERY—*jurisdiction.* The circuit court has no original jurisdiction in cases of assault or assault and battery, it being conferred upon justices of the peace.

2. A defendant can not be indicted for an assault and battery, nor can a conviction be had of such offense, under an indictment for a riot, they being two distinct offenses.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. HOLLAND & AYRES, and Mr. F. P. MORRIS, for the plaintiffs in error.

Mr. TRACY B. HARRIS, for the People.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against plaintiffs in error, Warren Ferguson, Owen Ferguson and Mary Acken, for riot. On a trial of the cause before a jury, a verdict was rendered finding the two Fergusons guilty, as charged in the indictment, and the defendant Mary Acken guilty of an assault and battery. The court overruled a motion for a new trial, and rendered judgment upon the verdict, under which the Fergusons were each required to pay a fine of $50 and Mary Acken a fine of $10, and costs of prosecution. The defendants all unite in prosecuting this writ of error.

At the request of the people, the court gave this instruction to the jury:

"The jury are instructed, that if they find any one of the defendants assaulted the said Hiram Jones, and struck or beat him in a rude or revengeful manner, and at a time when

it was not in apparently necessary self-defense, they can, under the indictment, find such defendants guilty of an assault and battery."

We perceive no ground upon which the instruction or the judgment of the court on the verdict can be sustained.

Sec. 381, Rev. Stat. 1874, p. 405, provides: "Justices of the peace shall have original jurisdiction in all cases of misdemeanor, when the punishment is by fine only, and the fine does not exceed $200, and also in all cases of assault and assault and battery, and affrays, in which the people are plaintiffs, and in cases arising under sections 270 and 271 of division 1 of this act." This section clearly confers original jurisdiction in cases of assault and assault and battery upon justices of the peace, and upon an examination of sec. 392 of the same chapter of the statute, which confers criminal jurisdiction upon the circuit court, it will be found to contain an exception sufficiently comprehensive to leave the jurisdiction of justices of the peace, as conferred by the section of the statute *supra*, undisturbed. That section declares:. "The circuit courts of the several counties, except of the county of Cook, shall have exclusive original jurisdiction of all criminal offenses, except as otherwise provided by law."

We regard it a plain proposition, that when original jurisdiction was conferred on justices of the peace in cases of assault and battery by sec. 381, the enactment of sec. 392 of the same chapter, conferring criminal jurisdiction of all criminal offenses on the circuit court, containing these words: "except as otherwise provided by law," was an explicit declaration that jurisdiction had been conferred upon justices of the peace in cases of assault and battery, and that such jurisdiction was excepted from the circuit courts of the State.

Again, if the legislature designed to confer the jurisdiction on the circuit court, why except the courts of Cook county, as was expressly done by sec. 393 of the same chapter, which declares: "The Criminal Court of Cook county shall have

exclusive original jurisdiction of all criminal offenses in the county of Cook, except such as is conferred upon justices of the peace, and appellate jurisdiction from justices of the peace." It will be remembered, that under sec. 26, art. 6 of the constitution, the Criminal Court of Cook county is created with the same jurisdiction in all criminal cases as the circuit court, —it is, in effect, a circuit court with criminal jurisdiction, like the other circuit courts of the State. If, therefore, sec. 392 was held to confer jurisdiction on the circuit courts outside of Cook county in cases of assault and battery, as sec. 393 has deprived the courts of Cook county of that jurisdiction, the statute would be in conflict with that provision of sec. 29, art. 6 of the constitution, requiring uniformity of jurisdiction in courts of the same grade; while, on the other hand, if sec. 392 is construed to mean that circuit courts are not invested with jurisdiction in cases of assault and battery, the two sections are in harmony with the constitution, and the jurisdiction conferred is uniform in all courts of the same grade, as it was, doubtless, the intention of the legislature that it should be.

If we are correct in this view, it is clear neither of the defendants could be indicted for an assault and battery, nor could they, under an indictment for riot, be convicted for an assault and battery.

In *Freeland* v. *The People*, 16 Ill. 380, which was an indictment for riot, one of the defendants pleaded in bar his arrest and trial for an assault and battery, in which he was fined $25. The court decided that the facts set up in the plea constituted no defense, and said: It is evident that a riot may embrace an assault and battery, and the necessary difference between them consists in this: that two or more persons must engage in the unlawful act to constitute riot, while but one need be to constitute assault and battery. The facts, therefore, in each are not necessarily the same, nor are the two offenses the same in law. One is punished on prosecution before a justice of the peace by fine only, the other on indictment in the cir-

cuit courts by fine or imprisonment; and on trial of such indictment, under our system, no conviction can be had of assault and battery, nor on trial of such prosecution for assault and battery can there be a conviction for riot.

It is true, under the statute in force at the time the decision in the case cited was made, justices of the peace had exclusive original jurisdiction in cases of assault and battery, but we do not regard the difference in the phraseology of the two statutes of sufficient importance to change the rule announced. A riot and an assault and battery are two distinct offenses. The facts which will constitute the latter will not establish the former, and the punishment provided for each offense is of a different character. Indeed, the offenses are so unlike, that we can not believe it was ever contemplated by the legislature, in the enactment of our statute, that a person indicted for a riot should be convicted of an assault or an assault and battery, nor do we believe a rule of that character would be productive of any good. A person merely guilty of an assault or an assault and battery, ought not to be compelled to be at the trouble and expense of appearing before a circuit court and defending against an indictment for riot, when the result to be anticipated is merely a conviction of an assault and battery, which might be tried and be disposed of in a summary manner before a justice of the peace, with little or no expense to those prosecuting or defending.

We are, therefore, satisfied the instruction of the court was wrong, and the judgment as to Mary Acken was erroneous.

It is also insisted, that the testimony was not sufficient to authorize the verdict, and exception was taken to several of the instructions given on behalf of the people. The evidence was, in some respects, conflicting, but we can not hold it insufficient to sustain the verdict of the jury. If the witnesses introduced on behalf of the people were credible, and the jury seem to have relied upon their evidence, the proof was ample to establish a riot. The instructions complained of may not

all be strictly accurate, but upon a close examination it will be found they contain nothing calculated to mislead the jury.

The judgment will be reversed as to the defendant Mary Acken, and in all other respects it will be affirmed.

*Judgment reversed in part, and in part affirmed.*