ORA PRICE

v.

THE PEOPLE, etc.

1. INDICTMENT—TRIAL WITHOUT PLEA.—Where a defendant never pleaded to an indictment, nor consented to a trial without a plea, a judgment of conviction is erroneous. There was no issue for the jury to try.

2. INDICTMENT FOR RIOT—CONVICTION FOR ASSAULT.—Under an indictment for a riot, a defendant cannot be convicted of an assault.

ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed June 21, 1881.

Mr. B. D. LUCAS, for plaintiff in error; that conviction for an assault cannot be had under an indictment for riot, cited Furguson v. The People, 90 Ill. 512.

It is error to try an accused when no plea has been entered: Aylesworth v. The People, 65 Ill. 301; Gould v. The People, 89 Ill. 217.

DAVIS, J. The plaintiff in error, and two others, were indicted for a riot, and on trial, the plaintiff was found "not guilty of riot, but guilty of an assault," and the two others were found not guilty. A motion was made by the plaintiff for a new trial, which was overruled by the court, and thereupon the plaintiff was sentenced to a fine of ten dollars and costs. To reverse the judgment this writ of error was prosecuted.

It is apparent that the judgment must be reversed. The record discloses that the plaintiff in error never pleaded to the indictment, or in any way consented to a trial without a plea. In the absence of a plea there was no issue for the jury to try, and a party convicted under such circumstances could not be properly sentenced. Johnson v. The People, 22 Ill. 314; Aylesworth v. The People, 65 Ill. 301; Yundt v. The People, 65 Ill. 374.

Another ground for reversal is, that under an indictment for

a riot a defendant cannot be convicted of an assault.    Freeland
v. The People, 16 Ill. 380; Furguson et al. v. The People, 90
Ill. 510.

It is true that the last case cited has been overruled, but on
other grounds, and the rule remains as established by the two
cases.

Judgment reversed.