Ruble v. State.

## RUBLE V. STATE.

LIQUORS: *Sale to minor: Plea of former conviction.*

A sale of liquor without a license and its sale to a minor without the written consent of his parents or guardian, are separate offences and may both be committed by one act of selling. A conviction of the former offence will not, therefore, bar a prosecution for the latter, although both prosecutions are for the same transaction.

APPEAL from *Boone* Circuit Court.

R. H. POWELL, Judge.

*Crump & Watkins,* for appellant.

There is only one question in this case : Can a party for a single sale be convicted of selling without license and for selling to a minor? 1 Bish. Cr. Law (6th Ed.), sec. 1058 ; Ib., sec. 1054 and note to sec. 1061, and sec. 1057.

Only one offence can be carved out of the same illegal act, and the state must elect which it will prosecute. The lesser crime (selling to a minor), is merged into the larger (selling without license), of which appellant had already been convicted.

*Dan. W. Jones,* Attorney General, for appellee.

The plea was not verified by a transcript of the record of conviction.

There was no motion for new trial, and no bill of exceptions, and hence nothing before this court.

BATTLE, J.

Appellant sold one pint of ardent spirits to Peter Dees, a minor, without the consent of his parents or guardian. For doing so he was indicted for and convicted of selling liquor without license, and fined in the sum of two hundred dollars, and was indicted for selling ardent, alcoholic and vinous liquors and intoxicating spirits to a minor, without the written

Ruble v. State.

consent of his parents or guardian.    After he was convicted
under the first indictment he pleaded such conviction and not
guilty to the second indictment, and was convicted of the of-
fence therein charged, and fined.    Were the trial and con-
viction under the second indictment lawful?

It is sometimes difficult to determine whether the offence
for which an accused party stands charged is the same offence
of which he has before been acquitted or convicted; and this
is the only inquiry in this case.

Mr. Justice Blackstone says: "It is to be observed, that
the pleas of *autre fois acquit* and *autre fois convict*, must be
upon a prosecution for the same identical act and crime."
4th Com., 336.

In *Com. v. Roby*, 12 Pick., 496, Chief Justice Shaw, in de-
livering the opinion of the court, as to what is necessary to
constitute offences charged in two indictments the same, said:
"It must, therefore, appear to depend upon facts so com-
bined and charged as to constitute the same legal offence or
crime.    It is obvious, therefore, that there may be great
similarity in the facts, where there is a substantial legal differ-
ence in the nature of the crimes; and on the contrary, there
may be a considerable diversity of circumstances, where the
legal character of the offence is the same.    As where most
of the facts are identical, but by adding, withdrawing or
changing some one fact the nature of the crime is changed;
as where one burglary is charged as a burglarious breaking
and stealing certain goods and another as a burglarious break-
ing with an intent to steal.    These are distinct offences. *Rex
v. Vandercomb*, 3 Leach, 816.    So, on the other hand,
where there is a diversity of circumstances, such as time and
place, where time and place are not necessary ingredients in
the crime, still the offences are to be regarded as the same.

"In considering the identity of the offence, it must appear by the plea, that the offence charged in both cases was the same *in law* and *in fact*. The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact. As if one is charged as accessory before the fact and acquitted, this is no bar to an indictment against him as principal. But it is not necessary that the charge in the two indictments should be precisely the same; it is sufficient if an acquittal from the offence charged in the first indictment virtually includes an acquittal from that set forth in the second, however they may differ in degree. Thus an acquittal on an indictment for murder will be a good bar to an indictment for manslaughter, and *e converso*, an acquittal on an indictment for manslaughter will be a bar to a prosecution for murder; for in the first instance, had the defendant been guilty, not of murder but of manslaughter, he would have been found guilty of the latter offence upon that indictment; and in the second instance, since the defendant was not guilty of manslaughter, he cannot be guilty of manslaughter under circumstances of aggravation which enlarge it into murder."

Chitty, in speaking of the identity of the offence necessary to sustain a plea of former acquittal or conviction, says: "As to the identity of the offence, if the crime charged in the former and present prosecution are so distinct, that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, to say that the offences are so far the same, that an acquittal of the one will be a bar to the prosecution of the other." 1 Chitty Cr. Law, 453; *State v. Hall*, 50 Ark., 29; *Emerson v. State*, 43 Ark., 372; *Wilson v. State*, 24 Conn., 57; *State v. Nash*, 86 N. C., 650; *King v. Vandercomb*, 2 Leach, 816, 828;

*State v. Sias*, 17 N. H., 558; *Durham v. People*, 4 Scam., 172; *Guedel v. People*, 43 Ill., 226; *Truland v. People*, 16 Ill., 380; *Foster v. State*, 39 Ala., 233; *Dominick v. State*, 40 Ala., 680; *Hite v. State*, 9 Yerger, 375; *State v. Glasgow Dudley*, [S. C.] 43; *State v. Warner*, 14 Ind., 572; *Lewis v. State*, 1 Texas Appeal, 323; 1 Russell on Crimes, 831; Wharton Cr. Pl. & Pr., [8th Ed.] secs. 471, 472; Bishop Cr. Law, [7th Ed.] secs. 1051, 1065.

Mr. Bishop says: "Looking further to see when the offences are the same, we have in reason the following propositions: They are not the same, first, when the two indictments are so diverse as to preclude the same evidence from sustaining both; or, secondly, when the evidence offered on the first indictment, and that intended to be offered on the second, relate to different transactions, whatever be the words of the respective allegations; or, thirdly, when each indictment sets out an offence *differing in all its elements from that in the other*, though both relate to one transaction, a proposition of which the exact limits are difficult to define; or, fourthly, when some technical variance precludes a conviction on the first indictment, but permits it on the second; yet, fifthly, the offences are the same in all other circumstances wherein the evidence to support one of the indictments sustains also the other; and, sixthly, if the two indictments set out offences which are alike, and relate to one transaction, yet, if one contains more of criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offences, though of different names, are, within the constitutional protection from a second jeopardy, the same." 1 Bishop Cr. Law, [7th Ed.] sec. 1051.

In *Com. v. Bubser*, 14 Gray, 83, it was held that, "an acquittal upon an indictment for a nuisance in keeping a tene-

ment house used for the unlawful sale of intoxicating liquors, is no defence to an indictment for being a common seller of intoxicating liquors at the same time and place.'' Mr. Justice Hoar, in delivering the opinion of the court, said: ''The offences were not identical. The gist of one offence is the keeping a tenement house for an illegal purpose, which makes it a nuisance; of the other, the doing certain acts which constitute an offence, to the commission of which it is not necessary that the defendant should have been the keeper of any building or tenement whatever. On the trial of the first indictment, the jury would have been properly instructed to acquit the defendant, if he did not keep the tenement described, however great a number of sales of intoxicating liquors he might have made within it.''

LIQUORS: Sale to minor and sale without license, distinct offences.

Tested by the authorities cited and quoted from, was appellant twice indicted for the same offence? The sale of ardent or spirituous liquor within and of itself is no offence. Whether it be criminal or not depends on other facts. One statute makes it an offence to sell it without license, and another makes it an offence to sell it to a minor, without the consent of his parent or guardian. The objects of the two statutes are entirely different. The object of the first is the enforcement of the law which requires license to be granted and fees therefor to be paid, and of the other to protect the morals of minors and prevent them from being led into intemperance. The act or circumstance which makes the sale illegal in one case is entirely different from the facts which make it an offence in the other. Under the first statute he was guilty if he had no license, although he sold to a minor with the written consent of his parent or guardian; and under the other he was guilty, if he sold to a minor without the written consent of his parent or guardian, although he

had or had not license. The acts necessary to constitute the offences are so wholly unconnected and distinct as not to be comprehended, the one within the other. The essential and constituent elements of the same are different. A party may be guilty of one and innocent of the other, or guilty of both; and the acquittal of one is not an acquittal of the other. They are separate and distinct offences.

In holding that the two offences charged against appellant are not the same we are not without precedents. In South Carolina two statutes were in force at the same time. One imposed a penalty of fifty pounds on persons retailing liquors without license to persons of any description, and the other a penalty of one thousand dollars and imprisonment on those trading with a negro without a ticket. In *State v. Sonnerkalb*, 2 Nott & McCord, 280, it was held that a person who sold liquor to a negro without a license and a ticket, was lawfully convicted under these statutes of two offences and subject to the penalties imposed by both. In *State v. Taylor*, 2 Bailey, 49, the same court held that the act of buying goods of a negro, knowing them to be stolen, subjected the purchaser to two punishments: One for trading with a negro without a ticket, and the other for receiving stolen goods. And it was adjudged in *State v. Inness*, 53 Me., 536, that "to punish a person for keeping a drinking house and tippling shop, and also for being a common seller of intoxicating liquors, although the same individual act contributed to make up each offence, is not a violation of the law which forbids a prisoner to be put in jeopardy twice for the same offence." In *Com. v. Harrison*, 11 Gray, 308, it was held that "a conviction for an illegal sale of intoxicating liquor is no bar to a subsequent charge of keeping open a shop for the transaction of business on the Lord's Day, al-

though the business transacted was the sale of liquor for which the party had been previously convicted." And in *State v. Faulkner*, 2 South. Rep., 539, it was held that the accused, who, being entrusted with cotton for a particular purpose by the owner, obtained money on it from a third person, by falsely representing himself as the owner and selling it to him, was lawfully indicted for embezzling the cotton and for obtaining the third person's money under false pretences, and that the conviction of the latter offence was no bar to a prosecution for the other.

According to the rule laid down by some authorities *one* of the tests to determine the identity of offences is, if the evidence of the facts alleged in the second indictment is not within itself sufficient to convict under the first indictment, the offences charged in the two indictments are not the same. Tested by this rule, are the offences charged in the two indictments against appellant the same? In *Com. v. Thurlow*, 24 Pick., 374, it was held, that it was necessary, in an indictment for selling spirituous liquors without a license, to allege that the defendant was not duly licensed, and on the trial it was incumbent on the State to produce *prima facie* evidence of that fact. According to that case the offences charged against appellant were clearly not the same. But this court has held, that the State in such trials, is not required to prove that the accused had no license, because, if he has, it is *particularly within his own knowledge*, and within his power to produce or prove it, and if he has not, it is not convenient for the State to prove that he was not licensed. *Hooper v. State*, 19 Ark., 146; *Williams v. State*, 35 Ark., 434. It is, nevertheless, true that the sale alone does not constitute an offence, and in a trial for selling without a license the State must introduce *prima facie* evidence that

the accused had no license when he made the sale, or the defendant fail to prove he had. The failure of the accused to prove he had is evidence that he had none, for if he had, it is presumed he would have proven it. So that proof of a sale of spirituous liquors to a minor, without the written consent of his parent or guardian—without other material evidence—would not be sufficient to prove a sale without a license; and, according to the rule, the offences charged against appellant are not the same.

But reverse the order of the indictments, and suppose that the appellant has been convicted upon the first indictment of selling liquor to a minor without the written consent of his parent or guardian, and pleaded such conviction in bar of the second, would the evidence necessary to sustain the second indictment, in that case, have been sufficient to procure a legal conviction on the first? Most unquestionably it would not. Then they are not the same offences. The evidence of the one will not support the other, and "it is," in the language of Chitty, "inconsistent with reason, as it is repugnant to the rules of law, to say that the offences are so far the same, that an acquittal (or conviction) of the one will be a bar to the prosecution of the other."

Judgment affirmed.