(No. 29084.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED WOOTEN, Plaintiff in Error.

*Opinion filed January 23, 1946.*

FRED WOOTEN, *pro se.*

GEORGE F. BARRETT, Attorney General, and LAN HANEY, State's Attorney, of Marion, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

June 15, 1927, the defendant, Fred Wooten, together with nine other persons, was indicted in the circuit court

of Williamson county on three separate charges. In case No. 2132, he was charged with the murder of Ethel Price; in No. 2134, with conspiracy to murder Ethel Price, and in No. 2135, with conspiracy to murder Lory L. Price. He pleaded guilty to the charges contained in the three indictments and, on January 7, 1929, was sentenced to the penitentiary in Nos. 2134 and 2135 to terms of imprisonment for fifty-seven years each and, on January 8, 1929, in No. 2132, for life. In No. 2135, the sentence was adjudged to commence upon the expiration, "however it may occur" of the sentence and imprisonment in No. 2134. Similarly, the sentence for murder, in No. 2132, was ordered to begin at the expirations of the sentences and imprisonments, "however the expirations of said sentences and imprisonments may occur, heretofore entered against him in Case No. 2134 and Case No. 2135." Defendant, incarcerated in the penitentiary since 1929, prosecutes this writ of error *pro se,* seeking a reversal of the three judgments.

No bill of exceptions having been filed, the only errors cognizable are those arising upon the common-law records. The People admit and confess that the judgments and definite sentences of fifty-seven years each for the conspiracies charged in Nos. 2134 and 2135 are erroneous, and that the respective sentences for each of the conspiracy charges could not exceed five years for each offense. (Ill. Rev. Stat. 1927, chap. 38, par. 139.) Ordinarily, upon confession of error involving merely the correctness of a sentence, the procedure is to remand the cause for entry of a proper sentence (*People* v. *Montana,* 380 Ill. 596,) or, where no further time remains to be served, the prisoner will be discharged. (*People* v. *Brown,* 383 Ill. 287.) Although defendant has already served more than ten years, he also stands convicted, upon his plea of guilty to the indictment for murder in No. 2132, to imprisonment in the penitentiary for life. The punishment prescribed for conspiracy to

commit a felony, at. the time defendant was sentenced, was a fine not exceeding $2000 or imprisonment in the county jail not exceeding one year, or imprisonment in the penitentiary for a term of not less than one year nor more than five years, or fine and imprisonment in the county jail or penitentiary. If it were not for the judgment in No. 2132, defendant would be ordered discharged. Had the question of the erroneous sentences been presented earlier, the judgments would have been reversed and the causes remanded to the trial court, with directions to enter proper sentences. Under the circumstances present here, however, he is not entitled to be discharged. Under any possible view of the sentences in Nos. 2134 and 2135, the defendant has already served more than the maximum term of imprisonment for which he could have been lawfully sentenced. This being so, the erroneous judgments of fifty-seven years each must be reversed.

Apart from the fact that defendant has long since served more than the maximum term which could legally have been imposed on the two charges of conspiracy to murder, the sentence for murder in No. 2132 does not admit of a construction permitting it to be served consecutively with the sentences in Nos. 2134 and 2135. Defendant's contention is well taken that the complete judgment order fails to specify any definite time when the sentences shall lawfully become effective, rendering a determination either of the beginning or ending of the respective sentences impossible. Two or more sentences of a defendant to the same place of confinement run concurrently, in the absence of specific provisions to the contrary appearing in the judgment order. (*People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) Conversely, the judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and termination of the first sentence may be ascertained from the record. (*People* v. *Decker,* 347 Ill.

258.) The People invoke the rule that the judgment need not fix the day on which each successive term of imprisonment commences but it is sufficient that each successive term begins at the expiration of t̶h̶e̶ next previous one. This rule is inapplicable here for the reason that an attempt on our part at this late date to determine when the sentences in Nos. 2134 and 2135 expired would be sheer speculation. Because of the extreme indefiniteness, vagueness and uncertainty in the second and third sentences with respect to the commencement of the terms of imprisonment, no choice is open but to hold they run concurrently from the day the defendant entered the penitentiary which appears to have been February 15, 1929. Accordingly, we hold the following portion of the judgment order in No. 2132 to be without any legal effect, "the said term of imprisonment to begin and commence at the expirations of the sentences and imprisonments, however the expirations of said sentences and imprisonments may occur, heretofore entered against him in Case No. 2134 and Case No. 2135 on the Criminal Docket of this court, being the cases of The People v. Charlie Birger et al., for conspiracy to murder one Ethel Price, and The People v. Charlie Birger et al. for conspiracy to murder one Lory Price, at the present term of this court, and until otherwise discharged by due process of law." A more confusing designation of the commencement and expiration of the challenged sentences is difficult to conceive. The judgment sentencing defendant to imprisonment for life on the charge of murder, stripped of the superfluous verbiage, is valid. Since the term of imprisonment commenced in 1929, it may well be noted that defendant has now served nearly seventeen years of his sentence.

Our conclusion renders unnecessary a determination of defendant's contention that his conviction of conspiracy to murder Ethel Price was merged in the conviction of murder.

The remaining contention requiring consideration is the complaint with respect to a statement of the trial judge and the State's Attorney tending to show that defendant was guilty of criminal offenses for which he had never been indicted, tried or convicted. Although this statement is not properly a part of the common-law record, (*People v. Lantz*, 387 Ill. 72,) it was made conformably to the applicable statute. (Ill. Rev. Stat. 1927, chap. 38, par. 806.) The Criminal Code imposed the duty on the trial judge and, also, the State's Attorney of filing an official statement with the clerk of the court "to be transmitted to and to thereby furnish the Department of Public Welfare an official statement of the facts and circumstances constituting the crime or offense whereof the prisoner was convicted or committed, together with all other information accessible to them in regard to the career of the prisoner * * * prior to the time of the commitment for the crime or offense of which he or she was convicted or committed relative to his or her habits, associates, disposition and reputation and any other facts and circumstances which may tend to throw light upon the question as to whether such prisoner * * * is capable again of becoming a law-abiding citizen." The section is broad in its scope and amply warrants the remarks of the trial judge and State's Attorney contained in their statement.

The judgment in No. 2132 is affirmed, and the judgments in Nos. 2134 and 2135 are each reversed.

*Circuit court No. 2132—Judgment affirmed.*

*Circuit court Nos. 2134 and 2135—Judgments reversed.*