(No. 29620.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD LOFTUS, Plaintiff in Error.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

DONALD LOFTUS, *pro se.*

GEORGE F. BARRETT, Attorney General, and DON A. WICKS, State's Attorney, of Woodstock, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error plaintiff in error, appearing *pro se,* seeks the reversal of four judgments of the circuit court of McHenry county, entered in four separate and distinct cases, in April, 1932. The cause is here upon the common-law record in each case.

In circuit court case No. 25503 the jury found plaintiff in error guilty of robbery while armed with a dangerous weapon and his age to be 34 years. Motions for a new trial and in arrest of judgment were overruled and judgment entered on the verdict. What judgment was entered is not shown by the common-law record filed herein.

In case No. 25505 the jury found him guilty of armed robbery. Motion for a new trial was overruled and, as in No. 25503, the record shows: "Judgment on the verdict. It is further ordered by the court that sentence in this case is to run consecutively with the sentence in case No. 25503, that is, that the sentence in this case, No. 25505, commence to run at the expiration of the sentence in No. 25503."

In case No. 25506, the indictment charged burglary and larceny of $2869 from the Algonquin State Bank. The jury found plaintiff in error guilty as charged. Motions for a new trial and in arrest of judgment were overruled and, as in No. 25505, the record shows: "Judgment on the verdict. It is further ordered by the court that the sentence in this case is to run consecutively with the sentences in cases No. 25503 and 25505. That is, it commences to run after the expiration of the sentences in 25503 and 25505."

In case No. 25504 the indictment charged burglary and larceny of $12,150 from the First National Bank of Marengo. The jury found plaintiff in error guilty as charged. Motions for a new trial and in arrest of judgment were overruled and, as in the previous cases, the transcript of the record states: "Judgment on the verdict. It is further ordered by the court that the sentence in this case is to run consecutively to the sentences in Cases Nos. 25503, 25505 and 25506, that is, that the sentence in this case No. 25504, commence to run at the expiration of the sentences in 25503, 25505 and 25506."

The errors relied upon for reversal are that the trial court erred: (1) in placing plaintiff in error on trial for

the crimes of burglary, as he had been tried and convicted of the crime of robbery arising out of the same facts; (2) in withdrawing temporary counsel and denying the appointment of other counsel, forcing him to continue the case without counsel; (3) in entering consecutive sentences, which was not in accordance with the law, as the sentences should be considered to run concurrently; (4) in allowing seven of the petit jurors to serve on the various trials in these causes, of which there were four, and (5) in that he was denied due process and equal protection of the law, in violation of both State and Federal constitutions.

Defendant in error in its brief has filed a motion to dismiss the writ of error upon the ground that there is no law or rule of court which permits the filing of one writ of error to review more than one record. No statute or rule of court is cited in support of the motion. We know of no such statute and rule where, as here, the attack is upon the procedure in one case, necessarily involving examination of the record in another case to determine the error assigned in a particular case or record. It is within the power of this court, either of its own motion or upon motion of either party to the record, to consolidate several cases for hearing. In *People* v. *Wooten,* 392 Ill. 542, this court, in one writ of error, passed upon the validity of three separate and distinct judgments in criminal cases.

Plaintiff in error's first contention is that it was error to place him on trial in Nos. 25504 and in 25506, each of which charged burglary, because he had been previously convicted, in Nos. 25503 and 25505, of armed robbery, and that the armed robbery and burglary charges arose from the same offense, therefore he was twice put in jeopardy by his trial and convictions in Nos. 25504 and 25506 for the same offenses for which he was convicted in 25503 and 25505.

Section 10 of article II of the constitution of 1870 provides: "No person shall be  *  *  *  twice put in jeop-

ardy for the same offense." What constitutes the "same offense" was discussed at length by this court in the early case of *Freeland* v. *People*, 16 Ill. 380. It was there stated that "if the defendant upon the first indictment could not have been convicted of the *offense* described in the second, then an acquittal or conviction upon the former is no bar to the latter. * * * If the defendant could not, by any legal possibility have been convicted upon the former prosecution of the *offense* charged in the second, he can in no just sense be said to be in peril of a second conviction on the *same offense.*" Citing in support of this doctrine, 1 Chitty's Crim. Law, sec. 456; Archbold's Crim. Pl. 82; 3 Greenleaf on Evidence, sec. 36. The foregoing rule has been approved by this court in *Spears* v. *People*, 220 Ill. 72; *Campbell* v. *People*, 109 Ill. 565; *Ferguson* v. *People*, 90 Ill. 510; *Guedel* v. *People*, 43 Ill. 226.

Plaintiff in error insists the indictments in Nos. 25503 and 25504, charging respectively armed robbery and burglary, arose out of one and the same transaction, and that the indictments in Nos. 25505 and 25506, charging respectively armed robbery and burglary, also arose out of another single transaction. No reference is made in the indictments for armed robbery to the crimes having been committed in a building, or any other place which the statute names in defining burglary, nor was plaintiff in error accused in those indictments of wrongfully entering any such place. When plaintiff in error was placed on trial in cases numbered 25505 and 25506, it would not necessarily follow, even though that indictment were based on the same acts as those alleged in 25503 and 25504, that sentence under convictions in the last two numbered cases would bar prosecution under numbers 25505 and 25506. It is the rule that a person by one act may, in law, commit several offenses. *People* v. *Nall*, 242 Ill. 284; *Nagel* v. *People*, 229 Ill. 598.

No bills of exceptions have been filed, and no showing that a plea of former conviction was entered. There is no merit to this contention.

Plaintiff in error next contends it was error to permit temporary counsel appointed by the court to withdraw and to refuse to appoint new counsel for him, and in forcing him to trial without counsel. The record shows that in No. 25503 he was represented by the same counsel of his own choosing. In Nos. 25506 and 25504 counsel appointed by the court was permitted to withdraw. The court announced that "under the circumstances of the case he was disinclined to appoint any member of the bar as defendant's counsel to appear as counsel in this case." The court instructed the defendant that he would give him time to get counsel and defendant informed the court that he had no funds to employ counsel.

In No. 25503 plaintiff in error was represented by counsel of his own choice. In 25505 counsel of his choice, by telegram, advised the State's Attorney that he could not be present at the trial. The court thereupon appointed counsel to defend and the cause proceeded to trial. In 25506 the court permitted counsel, appointed to defend plaintiff in error, to withdraw. The court advised plaintiff in error that he would give him time to get counsel, and plaintiff in error advised the court that he had no funds of his own to employ counsel and that they were "all tied up." The record shows that the same took place in No. 25504.

Under the statute, (Ill. Rev. Stat. 1931, chap. 38, par. 754,) the court is required to provide counsel for a defendant only when he shall state on oath he is unable to procure counsel. (*People* v. *Batey*, 392 Ill. 390; *People* v. *Fuhs*, 390 Ill. 67; *People* v. *Corbett*, 387 Ill. 41; *People* v. *Parcora*, 358 Ill. 448.) There is nothing in the record to show that plaintiff in error complied with the provisions of the statute in force at the time of his trials.

Plaintiff in error next contends these consecutive sentences were not in accordance with the law, and therefore, the sentences should be considered to run concurrently.

Since *Johnson* v. *People*, 83 Ill. 431, consecutive sentences have been held legal. To withhold sentence until the expiration of the former sentence would not only prove an inconvenience and cause confusion but would be of no advantage to the accused. (*People* v. *Decker*, 347 Ill. 258; *Fitzpatrick* v. *People*, 98 Ill. 269.) Jurisdiction to inflict cumulative punishment does not depend on whether both convictions shall be before the same tribunal, but whether the accused has, in fact, committed distinct violations of the law which merit separate, and therefore cumulative, penalties. The judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and termination of the previous sentence may be seen from the record. It is not necessary that the judgment fix the day on which each successive term of imprisonment commences, but it is sufficient that each successive term begins at the expiration of the next previous one. It is obvious that the time for the commencement of the succeeding punishment could not be more definitely determined, since the prior term of imprisonment might be shortened by good behavior or by other agencies bringing about such result. (*People* v. *Decker*, 347 Ill. 258.) In the instant cases each sentence was from "one year to life, the term of such imprisonment and commitment may be terminated earlier than the maximum, by the Department of Public Welfare, by and with the approval of the Governor in the nature of a release or commutation of sentence or commitment." Sentence in 25505 was to commence on the termination of sentence in 25503. Sentence in 25506 was to commence on the termination of the sentences, in 25503 and 25505, and sentence in 25504 was to commence on the termination of the sentences in 25503, 25505 and 25506. Plaintiff in error relies upon

*People* v. *Wooten,* 392 Ill. 542, in support of his contention. That case is not in point, as the first two sentences were erroneous and the defendant had served more than the maximum term of imprisonment for which he could have been lawfully sentenced, therefore the erroneous judgments were each reversed. The judgment sentencing the defendant to one year to life, to commence after the expiration of the erroneous judgments was held to commence on the day of his incarceration in the penitentiary. Orders of commitment of plaintiff in error to consecutive terms of imprisonment were within the jurisdiction of the court and were neither void nor erroneous, and plaintiff in error's contention that his sentences should be held to run concurrently is without merit.

Plaintiff in error's next contention is that it was error to allow seven of the petit jurors to serve on the various trials. There is no bill of exceptions in the record. There is nothing in the common-law record showing that any challenge was interposed to the qualification of any juror either for cause or peremptorily. This contention cannot be considered.

Plaintiff in error does not argue his assignment of error that he was denied due process and equal protection of the law, in violation of the State and Federal constitutions, except to say that he did not have fair trials.

The record in this case presents an unusual situation. An examination of the common-law record in each case does not show any reversible error, therefore the judgments in each case are affirmed.

*Judgments affirmed.*