(No. 30386.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER A. DENNISON, JR., Plaintiff in Error.

*Opinion filed March 18, 1948.*

CHESTER A. DENNISON, JR., *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (CHARLES A. HELFRICH, State's Attorney, of Ottawa, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Chester A. Dennison, Jr., was indicted in the circuit court of La Salle County, under indictment No. 45532, for the crime of issuing a fictitious check. He was arraigned, entered a plea of guilty and asked for probation. His application was denied, and on February 21, 1947, he was sentenced to imprisonment in the penitentiary for a term of not less than one nor more than five years. The judgment order provides as follows: "Said sentence to be separate and in addition and not concurrently with sentence under Indictment No. 45531." No record of the judgment or sentence under Indictment No. 45531 has been furnished, but from the above-quoted portion of the judgment it apparently refers to another case in which sentence was imposed on plaintiff in error by the same court.

It is contended the judgment is too indefinite, ambiguous and uncertain to impose a cumulative sentence, and therefore should be reversed and the cause remanded, with directions that the sentence begin as of the date of February 21, 1947.

The rule provides that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions to the contrary appearing in the judgment order. (*People* v. *Wooten,* 392 Ill. 542; *People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) It is also a well-established rule that a judgment in

a criminal case should be so clear and definite that the meaning may be found from the language used without the necessity of judicial construction to ascertain its import. (*People ex rel. Clancy* v. *Graydon,* 329 Ill. 398.) A sentence of imprisonment to take effect in the future as cumulative punishment upon the termination of another sentence must be of such certainty that the commencement of the second and the termination of the first sentence may be ascertained from the record. (*People* v. *Loctus,* 395 Ill. 479; *People* v. *Wooten,* 392 Ill. 542; *People* v. *Decker,* 347 Ill. 258.) This does not mean that the judgment should fix the day on which the successive term of imprisonment is to begin. (*People* v. *Loftus,* 395 Ill. 479; *People* v. *Decker,* 347 Ill. 258.) To specify the day would be of no advantage and would obviously cause confusion in the event of a *supersedeas,* executive clemency or other subsequent event affecting the previous sentence.

The sentence imposed in the instant case was ordered to be "separate and in addition and not concurrently with sentence under Indictment No. 45531." This is the only statement in the record referring to another sentence. There is no mention of the nature of the offense, the name of the court or the date of the sentence under indictment No. 45531; but it is only reasonable to assume that indictment No. 45531 was returned against plaintiff in error in the circuit court of La Salle County at the same time as the indictment in the instant case, which is indictment No. 45532, and that the sentence under indictment No. 45531 was imposed by said court either at the same time, or prior to the time, when the judgment was entered imposing the sentence in this case.

The judgment of the court in directing the sentence imposed to be "separate and in addition and not concurrently with sentence under indictment No. 45531," although clearly indicating that the sentences were intended to run consecutively, does not disclose whether the sentence which

the judgment imposed was intended to follow or precede the other sentence. It is of importance to a prisoner that the terms of his sentence should be stated with accuracy and should be so definite and certain that the time of the commencement of his imprisonment and the time of its termination can be ascertained from the words of the sentence without the necessity of construing or supplementing the same. The right to such a sentence is accorded to every prisoner.

No error is assigned in this case except the failure of the judgment to define clearly the time of commencement of the sentence. Where a judgment order fails to define clearly the limits of sentences intended to run consecutively or requires the aid of a court for its construction, the cause should be remanded for the imposition of a proper sentence. (*People* v. *Flannigan,* 398 Ill. 55; *People ex rel. Courtney* v. *Fardy,* 378 Ill. 501; *People* v. *White,* 377 Ill. 251.) Plaintiff in error asks that we remand the cause with directions to impose a sentence commencing February 21, 1947. Courts are without authority to fix a precise date for the commencement of a sentence of imprisonment. (*People ex rel. Crews* v. *Toman,* 367 Ill. 163.) Furthermore, the trial court only, and not the Supreme Court on a writ of error, has the right in a criminal case to determine what the judgment and sentence shall be, within the limits of the law. *People* v. *Heard,* 396 Ill. 215.

As there is no error in the record other than the failure of the judgment to define clearly the limits of the sentences intended to run consecutively, the judgment is reversed and the cause remanded with directions to enter a proper and definite sentence.

*Reversed and remanded, with directions.*