(No. 31290.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT CAMY, Plaintiff in Error.

*Opinion filed November 22, 1949.*

JAMES ELWYN DANIELS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, both of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Robert Camy, hereinafter called the defendant, on September 16, 1929, in the criminal court of Cook County, entered pleas of guilty to indictment No. 53712, charging armed robbery, to indictment No. 53709, charging murder, and to indictment No. 53710, charging murder.

On September 23, 1929, the court entered the following sentence and judgment in cause No. 53712: "Therefore, it is considered, ordered and adjudged by the Court that the said Defendant, Robert Camy, is guilty of the said crime of Robbery * * * and that he be and is hereby sentenced to the Penitentiary of this State at Joliet * * * for a term of years not to exceed the maximum term fixed by Statute for the crime whereof he stands convicted, and it is further ordered and adjudged * * * that he be delivered to the Warden or Keeper of said Penitentiary, and the said Warden or Keeper is hereby required and commanded to take the body of the said defendant, Robert Camy, and confine him in said Penitentiary according to law, from and after delivery thereof until discharged according to law. * * * It is further ordered by the Court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Robert Camy, this day entered in Cause 53711 on the docket of

this court, being People of the State of Illinois *vs.* Robert Camy in cause for Assault with Intent to Commit Murder, at the present term of this court."

The cause is now before this court on a writ of error, and the only error relied upon for reversal is that the judgment order and sentence is vague and indefinite in that it fails to define clearly the limit of the sentences intended to run consecutively.

In the case of *People* v. *Nicholson, ante,* p. 122, where opinion was adopted by this court at the September Term, 1949, an almost identical question was presented. In that case the defendant Nicholson was convicted and sentenced to the penitentiary upon his plea of guilty to the charge of murder, for and during the term of his natural life. The judgment order provided that his term of imprisonment should begin at the expiration of a former sentence in cause No. 53712, on the docket of the criminal court of Cook County, "being The People of the State of Illinois v. Earl Nicholson in the cause of robbery, etc. at the present term of this court."

That opinion holds, based upon previous cases in this court, that "where the judgment order fails to clearly define the limits of sentences intended to run consecutively, or requires the aid of a court for its construction, the cause should be remanded for the imposition of a proper sentence. * * * It has likewise been held that a judgment order that provides imprisonment commencing from and after delivery of the body, and also orders the term of imprisonment to commence at the expiration of incarceration in another case offends the rule as to certainty."

In the present case, if defendant commenced serving his sentence for robbery from the delivery of the body to the Warden, more than twenty years have elapsed, whereas it is impossible to say when it began if the ending of the sentence in the assault with attempt to commit murder case is the beginning point.

Based upon the reasoning in the *Nicholson case,* the judgment here sentencing the defendant to the penitentiary at Joliet for the crime of robbery in manner and form as charged in the indictment, for a term of years not to exceed the maximum term fixed by statute for the crime whereof he was convicted, was a lawful one, which he was serving concurrently with the sentence for assault with intent to commit murder, and that portion of the sentence purporting to make its commencement start with the ending of the sentence for assault with intent to commit murder is void.

Since the sentence for assault with intent to commit murder was subject to control by the Board of Pardons and Paroles, it is quite impossible for this court to determine the length of time to be served under that sentence, and, accordingly, we hold that defendant has been serving his sentence for robbery since the date of his incarceration thereunder, and also concurrently serving his sentence in the assault case, No. 53711. *People* v. *Wooten,* 392 Ill. 542; *People* v. *Nicholson, ante,* p. 122.

Also, the defendant on the same date, September 23, 1929, upon a plea of guilty to the charge of murder in indictment No. 53709, was sentenced to the penitentiary for the term of his natural life; and upon a further plea of guilty to the charge of murder in indictment No. 53710, was sentenced to the penitentiary for the term of 84 years.

In each of those cases the court used the following language in sentencing the defendant: "from and after the delivery of the body of the said defendant, Robert Camy, to the keeper or warden of the said penitentiary." In the concluding paragraph of the final judgment orders in said two cases, it was provided that the imprisonment should begin at the expiration of the sentence of imprisonment of the defendant entered in the case preceding it on the docket. The same principle applied in cause No. 53712 applies to both causes No. 53709 and No. 53710.

Defendant asks that the cases be either remanded for a correct sentence or that all the sentences referred to in this opinion run concurrently and that the sentences begin as of the date the defendant's body was first delivered to the keeper or warden of the penitentiary.

A remandment of this case is not necessary and this court holds that defendant has been serving his sentence for robbery in cause No. 53712 since the date of his incarceration thereunder and also concurrently serving his sentences in causes Nos. 53711, 53709 and 53710.

The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*