(No. 32659.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER MOORE, Plaintiff in Error.

*Opinion filed March 23, 1953.*

ELMER MOORE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (EVERETT E. LAUGHLIN, State's Attorney, of Freeport, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Elmer Moore, was indicted at the March term, 1947, of the circuit court of Stephenson County, for two separate and distinct offenses. One indictment, No. 04079, charged plaintiff in error with the crime of receiving stolen property. The other indictment, No.

04080, charged plaintiff in error with the crime of assault with attempt to commit rape.

On March 7, 1947, plaintiff in error was arraigned on both charges and entered pleas of guilty in both cases. The court offered to appoint counsel for him, but he declined the offer and persisted in his pleas of guilty after the court had fully explained the consequences of such pleas.

On March 12, 1947, the court heard evidence in aggravation and mitigation of the offense charged in indictment No. 04080. At the conclusion of the evidence the court sentenced plaintiff in error on his pleas of guilty previously entered as to both indictments.

In cause No. 04079 the court sentenced plaintiff in error to serve not less than nine nor more than ten years in the Illinois State Penitentiary. The court sentenced plaintiff in error in cause No. 04080 to serve not less than 13 nor more than 14 years in the Illinois State Penitentiary. The sentence in cause No. 04079 provided that plaintiff in error serve that sentence upon the termination of his sentence in cause No. 04080.

The sole assignment of error is that the court erred in the imposition of sentence in cause No. 04079 and that the sentence is vague and uncertain and improperly imposed by the court.

It is the contention of plaintiff in error that he entered pleas of guilty to each indictment in their numerical order, and that therefore when the court entered judgment in cause No. 04079, to be served upon the termination of cause No. 04080, the sentence was vague and uncertain, and cannot be ascertained with reasonable accuracy. He relies upon the well-established rule that sentences to imprisonment imposed upon the same defendant for different offenses, at the same term will run concurrently, unless otherwise provided in the second or subsequent sentence. (*People* v. *Dennison*, 399 Ill. 484.) Plaintiff in error insists that the sentence imposed in cause No. 04080 was the

second or subsequent sentence in this case and that the court neglected to specify in that case that it be served upon the termination of the sentence in cause No. 04079, the first case on the call or calendar. He asks that the judgment and sentence of the circuit court of Stephenson County be reversed and the cause remanded to that court for proper sentence.

In the *Dennison case* this court stated, "The rule provides that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of specific provisions to the contrary appearing in the judgment order."

A sentence similar to that in the instant case was affirmed in the case of *People* v. *Jazorak,* 400 Ill. 447. In that case the plaintiff in error was sentenced one year to life for armed robbery and the sentence referred specifically to a sentence imposed against him for murder in a pending case, and further provided that the sentence for armed robbery should not commence until the expiration of the sentence for murder.

In *People* v. *Loftus,* 395 Ill. 479, it was stated that, "Orders of commitment of plaintiff in error to consecutive terms of imprisonment were within the jurisdiction of the court and were neither void nor erroneous, and plaintiff in error's contention that his sentences should be held to run concurrently is without merit."

In the present case the circuit court had full and complete jurisdiction of both cases and was under no compulsion to observe the numerical order on the trial calendar. The judgment entered by the circuit court of Stephenson County covering consecutive sentences was definite and certain and is, therefore, affirmed.

*Judgment affirmed.*