## JEOPARDY WHERE THERE HAS BEEN A PROSECUTION FOR A LESSER OFFENSE.

Court of Appeals for Fairfield County.

FRANK CROWLEY V. STATE OF OHIO.*

Decided, September Term, 1915.

*Criminal Law—Same Action and Same Offense Distinguished—Prosecution for Assault Does Not Bar Prosecution for Assault with Intent to Commit Rape.*

The offense of assault and battery and of assault with intent to commit rape are made by our statutes separate and distinct, and prosecution for the lesser and subsequently for the greater offense does not constitute a placing of the defendant in jeopardy twice for the same offense.

*M. A. Daugherty* and *M. A. Daugherty, Jr.,* for plaintiff in error.

*Jas. A. Tobin,* Prosecuting Attorney, and *C. C. Courtright,* contra.

SHIELDS, J.

On the 5th day of November, 1914, an affidavit was filed by one Nellie Finley against the plaintiff in error before one C. M. Rowlee, mayor of the city of Lancaster, in Fairfield county, Ohio, charging the plaintiff in error with committing an assault and battery upon the said Nellie Finley on the 4th day of November, 1914, to which said charge the plaintiff in error entered a plea of guilty, whereupon the said mayor sentenced the plaintiff in error to imprisonment in the work-house at Zanesville, Ohio, for the period of 120 days, and to pay the costs of prosecution, and said plaintiff in error was so imprisoned.

Afterward and at the January (1915) term of the court of common pleas of said Fairfield county, the grand jurors of said

*Affirmed by the Supreme Court February 29, 1916, 93 Ohio State.

county returned an indictment against the plaintiff in error charging that—

"Frank Crowley, on the 4th day of November, in the year of our Lord one thousand nine hundred and fourteen, at the county of Fairfield aforesaid, in and upon one Nellie Finley did unlawfully make an assault, and her, the said Nellie Finley, then and there unlawfully did strike and wound, with intent, her, the said Nellie Finley, violently, forcibly and against her will, then and there unlawfully to ravish and carnally to know."

To this indictment a plea in bar was interposed by the plaintiff in error setting forth, in substance, that the state of Ohio ought not to prosecute said indictment against him because he says that the state of Ohio had theretofore procured and had judgment of conviction and sentence pronounced upon and against him for the same act, the same assault, and the same offense mentioned, described and pleaded against him in the same indictment, upon a plea of guilty to said affidavit before said mayor who had full and final jurisdiction to pronounce said final judgment and sentence and to cause the same to be fully carried out and executed, which was done; that the said Frank Crowley named in said affidavit is the same person named in said indictment, and that the said Nellie Finley upon whom the assault with intent to ravish and carnally to know was made as charged in said indictment is the same Nellie Finley upon whom the assault and battery is alleged to have been made as charged in said affidavit.

To said plea in bar, the state by its prosecuting attorney filed a demurrer, and upon a hearing had said court sustained the same. Thereupon a plea of not guilty was entered to said indictment and upon trial had the plaintiff in error was found guilty. A motion for a new trial being overruled, the plaintiff in error was sentenced according to law, to all of which proceedings of said court in sustaining said demurrer to said plea in bar and said judgment of conviction and sentence the plaintiff in error duly excepted, and by a petition in error filed in this

court the plaintiff in error seeks a reversal of the judgment of said court of common pleas.

Several assignments of error are alleged in said petition in error as grounds for the reversal of said judgment, and while not waiving any of said grounds of error, the principal ground alleged and insisted upon in argument in behalf of the plaintiff in error was that his constitutional rights were invaded and violated by being twice put in jeopardy for the same offense. If the claim thus made finds support in the facts appearing in the record, it would seem that said judgment was unauthorized and that the same should be set aside, otherwise not.

Let us examine. The offense charged before the mayor of Lancaster was that of assault and battery based upon an affidavit of the injured party. Having complied with the order made and judgment entered by said mayor, it is contended by the plaintiff in error that this was a satisfaction of the judgment of the law and put an end to any further prosecution growing out of the same act and offense. That it was a satisfaction of a judgment duly rendered by competent authority upon the charge made admits of no doubt, but is the remaining question to be answered in the affirmative?

Article I, Section 10, of the late Amended Constitution provides that "no person shall be twice put in jeopardy for the same offense." The plea in bar raises the question, then, whether the indictment covers the same *act* and *offense* described in the affidavit filed with said mayor. If it does, it follows that the action of the court below in sustaining said demurrer to said plea in bar was prejudicially erroneous and that the judgment of said court should be reversed.

The statute, Section 12423 of the General Code, under which the affidavit was filed before the said mayor, reads as follows:

"Whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, shall be fined not more than two hundred dollars or imprisoned not more than six months, or both."

The statute, Section 12421 of the General Code, upon which said indictment was predicated, reads as follows:

"Whoever assaults another with intent to kill, or to commit robbery, or rape upon the person so assaulted, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years."

It is not too much to say that a reading of the foregoing sections ought to enable us to ascertain the purpose of the Legislature, which alone has the power to create and define offenses, whether it was intended to describe one or more offenses of a like or different kind. The presumption is that the Legislature had in mind the purpose of describing different offenses. To convict under Section 12423 it is recognized that the employment of physical force only is generally necessary to be shown, while under Section 12421 an additional and higher degree of proof is required, involving, as it does, the question of criminal intent as one of the essential requisites for conviction of the offense therein described. One describes a misdemeanor and the other a felony. While each is a separate and complete offense in itself when made out by a certain degree of proof, a different degree of proof is necessary to sustain a conviction under the latter than under the former section, thus showing that the identity of the offenses described in said sections is not the same. We are therefore led to conclude, adopting the well established rule that the intention of the Legislature must govern in the interpretation of statutes, that it was the purpose of the Legislature to create two separate and distinct offenses in the enactment of these sections.

But it is argued on behalf of the plaintiff in error that it is held in certain jurisdictions that because of certain constituent elements being present in the two offenses that therefore the position assumed by the learned counsel for the plaintiff in error can not be successfully challenged. Our Supreme Court recently passed upon a case involving the question raised in the case here, in *State* v. *Rose*, 89 O. S., 383, and held that:

"The provision of the Constitution relating to jeopardy is in the following words: 'No person shall be twice put in jeopardy for the same offense.' The offense charged in the information is not the same offense and does not include the offense charged in the indictment, and hence the defense of jeopardy must fail."

Speaking for the court and specially referring to the feature of the case contended for by counsel, Judge Wanamaker says:

"To be in jeopardy there must not only be a sufficient legal charge, but a sufficient jurisdiction to try the charge.

"The words 'same offense' mean same offense, not the same transaction, not the same acts, nor the same circumstances or same situation. There is but one offense that is the same offense as 'rape' and that is 'rape.'

"It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the '*same offense.*'

"Some courts have greatly expanded the natural and ordinary meaning of the words 'same offense' to include all lesser degrees that may be fairly included within the major charge.

"In all offenses against the person there must be in the first instance an assault. To such lengths have some courts gone as to hold that if the defendant had been in jeopardy of a single assault upon another person and subsequently such assault proved to be fatal, by reason of which he was subsequently indicted charged with murder, the defendant might thereupon successfully plead a former jeopardy, because necessarily included within the charge of murder or manslaughter was the charge of assault or assault and battery, with which he has been previously charged and as to which he has previously been in jeopardy. This doctrine, however, has not found favor in decisions of the Supreme Court of this state."

While we think the decision in the foregoing case is decisive of the question raised here, and of this case, the following might be mentioned as sustaining said authority; *Gavieres* v. *U. S.*, 220 U. S., 338; *Morgan* v. *Devine,* 237 U. S., 632; *Freeland* v.

*People,* 16 Ill., 380; *State* v. *Littlefield,* 70 Me., 452; *Morey* v. *Commonwealth,* 108 Mass., 433; 3 Greenleaf, Section 36; 1 Chitty's Criminal Law, 452, 456; Bishop's Criminal Law (8th Ed.), Section 1053; 132 Pa. St., 372.

Recognizing that the test of identity of offenses is whether the same evidence is required to sustain them as laid down in the authorities cited, but one conclusion can be reached by this court concerning the action of the court below in sustaining the demurrer to the plea in bar filed by the plaintiff in error, and that is that such action was proper and affords no ground of error for which the judgment of said court should be reversed.

The judgment of the court of common pleas will, therefore, be affirmed, and said cause will be remanded for execution. Exceptions noted.

POWELL, J., and MERRIMAN, J. (sitting in place of Houck, J.), concur.